# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: TYLENOL (ACETAMINOPHEN) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION § § § § § § *THIS DOCUMENT RELATES TO ALL CASES* § § § | MDL NO. 2436 2:13-md-02436 HON. LAWRENCE F. STENGEL |

## CASE MANAGEMENT ORDER NO. 10 (b)
### (Defendants' Fact Sheet)

**THIS ORDER** supplements and amends the provisions of Case Management Order No. 10 ("CMO No. 10") pertaining to Section IV regarding the Defendants Fact Sheet ("DFS") and has been submitted with the consent of the Parties. This Order applies to Defendants, McNeil PPC-INC. and Johnson & Johnson, only.

1. Within **sixty (60)** of the date of receiving a Plaintiffs Fact Sheet ("PFS"), Defendants shall provide fully responsive answers and documents to the DFS, in the form attached hereto as Exhibit "1," to Plaintiffs individual attorney as identified in the PFS. As used herein the term "fully responsive" shall mean that each question in the DFS will be answered in detail and to the extent that an answer refers to a document, bates-page number or a range of bates page number shall be supplied which identify the document being referred to and produced. Moreover, all documents supplied shall be bates-numbered and shall be provided with the DFS consistent with *Case Management Order No. 2* (Order regarding the Method of Production of Documents).

2. Defendants shall not delay the production of a DFS based on deficient PFS absent good-cause. If Defendants contends that any PFS is deficient then Defendants shall either (i)

twenty (20) days after its receipt of the PFS notify Plaintiff's individual counsel by E-mail (with a copy of the E-mail to Plaintiff's Liaison counsel) of any alleged deficiency in the PFS for processing the DFS. Failure to notify Plaintiff's counsel within the twenty (20) days shall mean that Defendants will provide a complete and verified DFS within sixty (60) days of receipt of the PFS.

3. If Defendants fail to provide a complete and verified DFS within the time period specified by paragraph 1, above, notice shall be given to Defendants by E-mail from either Plaintiff's individual counsel or Plaintiffs' Liaison Counsel and Defendants shall be given twenty (20) days to cure the deficiency and produce a fully responsive DFS and documents. No other extensions will be granted. Any claim of alleged deficiency with a DFS shall be directed to:

> Jason.Fulgham@butlersnow.com

4. A completed DFS shall be considered to be interrogatory answers and responses to requests for production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure. The interrogatories and requests for production in the DFS shall be answered without objection.

5. The parties agree that information contained in Sections II and III of the DFS are limited to prescribing physicians and/or physicians that recommended Tylenol. For cases selected for case work-up, Plaintiffs may request additional information as to a treating physician on a case-by-case basis based on good cause shown in a particular case and shall meet and confer with Defendants on such request. Defendants do not waive the right to object to such request and seek Court relief as to any such request.

6. Defendants shall serve a copy of each DFS to Plaintiff's individual representative counsel and to Plaintiffs' Liaison Counsel via E-mail (without attached documents produced) at:

> TylenolDFS@lfsblaw.com

7. Plaintiffs use of the DFS shall be without prejudice to the right of the Plaintiffs in a specific case to serve additional discovery.

8. All information contained in the DFS is confidential and protected under the *Protective Order* (CMO-1).

IT IS SO ORDERED,

_____
LAWRENCE F. STENGEL, J.

8/22/13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: TYLENOL (ACETAMINOPHEN) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>*Add Specific Case Name and Court Term and Number* | § § § § § § § § § § | MDL NO. 2436 |

### DEFENSE FACT SHEET OF McNeil PPC-INC AND JOHNSON & JOHNSON

For each case, the Defendants must complete this Defendants' Fact Sheet ("DFS") and identify or provide documents and/or data relating to each Plaintiff responsive to the question set forth below to the best of Defendants' knowledge. In completing this DFS, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. The DFS shall be completed in accordance with the requirements and guidelines set forth in the applicable Case Management Order.

In the event the DFS does not provide you with enough space for you to complete your responses or answers, please attach additional sheets if necessary. Please identify any documents that you are producing as responsive to a question or request by bates-stamp identifiers.

This DFS must be completed and served on all counsel representing a Plaintiff in the action identified in Section I below. This must be answered and served by the date established by the Court in the Case Management Order implementing this DFS.

As used herein, the term "Documents" shall have the broadest possible meaning and interpretation and shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, emails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any primary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or your present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf Defendants are not required to identify or produce any pleading filed in litigation relating to Tylenol or medical records produced in Plaintiffs' individual case.

As used herein, the terms "you," "your" or "yours" means all Defendants and any officers, agents, attorneys, employees, representatives or others acting on their behalf.

As used herein, the phrase "provided" means sold, distributed, shipped, delivered or otherwise placed into the stream of commerce.

As used herein, the term "communication" and/or "correspondence" shall mean and refer to any oral, written or electronic transmission of information, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, e-mails, text messages, conferences, or seminars or any other exchange of information between Defendants or between you and any other person or entity.

As used herein, the phrase "Treating Health Care Provider" means each of Plaintiff's physicians, medical providers, practices, clinics, persons or entities who treated Plaintiff for his or her injuries as identified in in the Plaintiff Fact Sheet ("PFS").

As used herein, the phrase "Prescribing Health Care Provider" means each of Plaintiff's physicians, medical providers, practices, clinics, persons or entities who recommended that Plaintiff take Tylenol, as identified in the Plaintiff Fact Sheet ("PFS").

As used herein, the phrase "Tylenol" includes any single or multi-ingredient Tylenol brand product containing Acetaminophen.

As used herein, the phrase "anyone in their practice" means all employees of the clinic, practice, or group including, but not limited to, nurse practitioners, and/or other physicians that practice in the same office, group, or clinic with Plaintiff's Treating Health Care Provider.

As used herein, the term "identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, and as to former employees or third –parties, their present or last known address .

As used herein, the term "person" means natural person, as well as corporate and/or governmental entity.

As used herein, the terms "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

As used herein, the term "possession, custody or control" shall mean and refer to any documents in your possession, custody or control. A document is deemed to be in your "possession, custody or control" if is in your physical custody or if it is in the physical custody of another person or entity, and you: (a) own such document in whole or in part; or (b) have a legal right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms. If defendant is aware of documents responsive to a question/request in the DFS that are in the possession of a non-party but do not have a legal right to obtain the documents from the non-party, defendant will identify the non-party and the nature of the documents in the response to the associated question/request in the DFS.

If you are aware that any document that was, or might have been, responsive to any sections of this DFS which concern or relate to Plaintiff or Plaintiff's Treating Health Care Provider was destroyed, erased, surrendered or otherwise removed from your possession, custody or control, at any time, provide, to the maximum extent possible, the following information: (a) the nature of the document (e,g., letter, memorandum, contract, etc.,) and a description of its subject matter; (b) the author or sender of the document; (c) the recipient(s) of the document; (d) the date that the document was authored, sent and received; (e) the circumstances surrounding the removal of the document from your custody, possession or control; and (f) the identity of the person(s) having knowledge of such removal from your custody, possession or control.

I.  **CASE INFORMATION**

   This DFS pertains to the following case:

   Case caption:_____

   Civil Action No._____

   Court in which action was originally filed:_____

   Date that this DFS was completed:_____

II. **CONTACTS WITH PRESCRIBING HEALTH CARE PROVIDER**

   For each Prescribing Health Care Provider identified in the PFS, please state the following:

   A.  **Dear Doctor Letters:**

   1.  Please identify the "Dear Doctor" or "Dear Heath Care Provider" letter that you contend was actually sent to the Plaintiffs' Prescribing Health Care Provider concerning Tylenol, Acetaminophen, the risks and dangers of ingesting Tylenol and Acetaminophen.

   _____

   _____

   _____

   *(NOTE: Please attach hereto, to the extent available, a copy of each letter and the envelope or fax cover sheet in which it was allegedly sent to Plaintiff's Treating Health Care Provider).*

   2.  For each "Dear Doctor" or "Dear Healthcare Provider" letter identified in Section II(A)(1) that you contend was actually sent to Plaintiff's Prescribing Health Care Provider, please state the date that each "Dear Doctor" or "Dear Heath Care Provider" letter was actually sent to Plaintiff's Prescribing Health Care Provider and the person to whom each letter was sent and the manner in which it was sent.

   _____

   3.  For each "Dear Doctor" or "Dear Heath Care Provider" letter identified in Section II(A)(1) that you contend was actually sent to Plaintiff's Prescribing Health Care Provider, please provide or identify by Bates number any and all lists or databases which you contend demonstrates that these letters were actually sent and provide any proofs available of receipt of said letter(s).

   3

_____

_____

_____

  **B.** Please identify the person or persons who provided information responsive to Section II or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Defendants and/or any of its subsidiaries and the dates of employment.

_____

_____

### III. CONSULTING WITH PLAINTIFF'S PRESCRIBING HEALTH CARE PROVIDER

  A. If you have ever retained any of the Prescribing Health Care Providers listed in the PFS as a "thought leader," "Key Opinion Leader", a member of a "speaker's bureau", a "clinical investigator", a "consultant" or in any other capacity on the subject please provide the following information:

| Name of Plaintiff's Prescribing Health Care Provider who was retained by Defendants | Date(s) he or she was retained | All records of any documents relating provided to Prescribing Health Care Provider by Defendants |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

  B. For each Prescribing Health Care Provider identified in the PFS (regardless of whether included in Section III (A) above or not), please state how much money you have paid to them, whether for expenses, honoraria, fees, or any other payment, for each calendar year, and produce the 1099's or, if unavailable, other documents or data sufficient to evidence such payments:

_____

4

_____

C. For each Prescribing Health Care Providers identified in Section III (B) above, please identify or provide all consulting agreements and contracts.

D. For each Prescribing Health Care Providers identified in the PFS, please state whether they ever attended any Defendant-sponsored conferences or events ("Programs") relating to Tylenol. If your answer is *"yes,"* please state:

| Identity of the Prescribing Health Care Provider | Title, location and date of the Program attended | Topic of the Program | All speakers at the Program | Please provide or identify the agenda/brochure for the Program |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. Have Plaintiff's Prescribing Health Care Providers ever contacted you to request information concerning Tylenol or Acetaminophen, its effects and/or its risks?

_____   _____
        Yes                             No

If "Yes", please identify and attach any document that refers to your communication with Plaintiff's Prescribing Health Care Providers and/or any document that was provided to Plaintiff's Prescribing Health Care Provider in response to such request for information.

F. Please identify the person or persons who provided information responsive to Section III or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Defendants and/or any of its subsidiaries and the dates of employment.

_____
_____

IV. **PLAINTIFF'S MEDICAL CONDITION**

A. Other than in connection with any adverse event report, have you initiated contact with any of Plaintiff's prescribing or treating physicians concerning Plaintiff's injuries?

_____   _____
        Yes                             No

5

B. Other than in connection with any adverse event report, have you been contacted by Plaintiff, any of her prescribing or treating physicians, or anyone on behalf of Plaintiff concerning Plaintiff (other than counsel for plaintiff) related to the injuries alleged?

_____   _____
       Yes                  No

C. If your answer to A or B above is "yes", please state the name, address and telephone number of these individuals, and the date of each contact and a description of the purpose of the contact.

| Name | Address | Phone | Date and Description of the contact |
|------|---------|-------|-------------------------------------|
|      |         |       |                                     |
|      |         |       |                                     |
|      |         |       |                                     |

D. Please produce any non-privileged documents that reflect any communication between Plaintiff, any of her prescribing or treating physicians, or anyone on behalf of Plaintiff (other than counsel for plaintiff, and you, concerning Plaintiff) concerning the alleged injuries.

E. Do you have in your possession, custody or control any Medwatch Report(s) related to Plaintiff?

_____   _____
       Yes                  No

1. If your answer was yes, please produce a copy of any MedWatch form which refers or relates to Plaintiff, including back-up documentation concerning Plaintiff and any evaluation or investigation you did concerning the Plaintiff.

2. Did you or any consultant, in the normal course of business, perform an analysis or review of medical or scientific information concerning the Plaintiff who is the subject of this case? (Note: This question does not require Defendant to reveal or produce information protected by privilege,

6

including, but not limited to, work product of attorneys or retained consulting experts.)

_____ Yes   _____ No

3. If your answer to question E.3 is "yes," please identify the person(s) performing the analysis or review, their current address, and produce all documents relating to the analyses performed concerning the Plaintiff. (Note: This request does not require Defendant to reveal or produce information or documents protected by privilege, including, but not limited to, work product of attorneys or retained consulting experts.)

F. Please identify the person or persons who provided information responsive to Section IV or any of its subparts.

_____

_____

V. **ADVERTISING**

A. Aside from national advertising (i.e., advertising buys that were not directed in any way to specific regions), did you advertise Tylenol in the Media Market of where Plaintiff resided at, or within 1 year of, the time he or she used Tylenol?

_____ Yes   _____ No

B. If your answer is "yes," please provide the following information:

| Identity of the Advertisement | Nature of media (print or television) | Identify the media outlet | Dates that advertisements ran |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7

*Please provide or identify true and accurate copies of any advertisement identified above.*

    C.    Please identify the person or persons who provided information responsive to Section V or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Defendants and/or any of its subsidiaries and the dates of employment.

_____

_____

**VI.**    **DOCUMENTS**

    A.    To the extent you have not already done so, please produce a copy of all documents and things in your possession, custody and control that fall into the categories listed below.

    B.    Any non-privileged document which relates to or refers to Plaintiff other than documents received or produced in discovery in this matter, and subject to the limitations and exceptions described in this DFS.

    C.    Any document sent to or received from any of Plaintiff's Prescribing or Treating Health Care Providers relating to Tylenol, subject to the limitations and exceptions described in this DFS.

    D.    Any document reflecting any actual communication between you and Plaintiff's Prescribing or Treating Health Care Providers concerning the topics identified.

8

## DECLARATION

  I am authorized to make this Declaration on behalf of _____. The information provided in the foregoing Defendant Fact Sheet has been compiled by employees and legal counsel for _____. Although I do not have personal knowledge of all of the information set forth therein, I declare under penalty of perjury, pursuant to 28 U.S.C. Sec. 1746, that the foregoing is true and correct to the best of my knowledge, understanding and belief, formed after due diligence and reasonable inquiry.

_____     _____     _____
Signature           Print Name         Title

_____
Date

SUBSCRIBED and SWORN to before me
this ____ day of _____, 20___.

_____
Notary Public

_____
My Commission expires:

9