

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL SCHNEIDER**
UNITED STATES MAGISTRATE JUDGE

UNITED STATES COURTHOUSE
ONE JOHN F. GERRY PLAZA
Fourth & Cooper Streets, Room 2060
Camden, New Jersey  08101
(856) 757-5446

**LETTER ORDER
ELECTRONICALLY FILED**
September 9, 2015

Richard M. Golomb, Esquire
Golomb & Honik, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102

Susan M. Sharko, Esquire
Michael C. Zogby, Esquire
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

Christopher Coffin, Esquire
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street
Suite 1400
New Orleans, LA 70112

Adam M. Slater, Esquire
Mazie Slater Katz & Freeman LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068

    **In re: BENICAR (OLMESARTAN) PRODUCTS LIABILITY
        LITIGATION
        Master Docket No. 15-2606 (RBK/JS)**

Dear Counsel:

    In Order to assure that all relevant document and ESI issues are raised and decided by September 30, 2015, and after reviewing plaintiffs' Motion to Compel with exhibits, the Court directs the parties to address the following questions in their response and reply briefs.[1]

    1.  If the Court denies plaintiffs' request to search the Adverse Event Database (ARGUS) for all of the agreed upon ESI search terms, will plaintiffs propose MedRA or other search terms in addition to the 41 terms defendants already used? What are the additional terms?

---

    [1]To the extent an ambiguity exists, the Court grants plaintiffs leave to serve a reply brief. L. Civ. R. 37.1(b)(3). The parties may agree amongst themselves to a briefing schedule so long as all relevant papers are served by September 25, 2015.

September 9, 2015
Page 2

     2.   Plaintiffs should identify and list in detail the Adverse Event Report documents they want in addition to what is set forth in Judge Johnson's December 9, 2014 Order.

     3.   Defendants shall produce for the Court's <u>in camera</u> review the "source files" (plaintiffs' language) or "backup files" (defendants' language) for a representative number of MedWatch reports.[2] Defendants shall refer to the three (3) MedWatch forms located at Doc. No. 107-9. These documents should be produced by September 25, 2015. If defendants will argue it is burdensome to redact information from the documents, defendants shall identify the information to be redacted. Are the redactions limited to what is set forth in the applicable federal regulation?

     4.   Plaintiffs shall identify and list in detail the foreign documents they want other than just referring to labels, regulatory, marketing and medical affairs documents. To the extent not already done, the identification should be done by no later September 16, 2015. The more specificity that is given the better.

     5.   Were any plaintiffs prescribed Benicar for an off-label use? Will this answer await the completion of plaintiffs' fact sheets?

     6.   The Court would appreciate clarification concerning what "clinical and pre-clinical trial" discovery disputes remain.

     You may contact the Court in writing if you have any questions about this letter.

                           Very truly yours,

                            *s/ Joel Schneider*
                           JOEL SCHNEIDER
                           United States Magistrate Judge

JS:jk
cc:  Hon. Robert B. Kugler

---

[2] The Court has discretion to determine whether and when to review documents <u>in camera</u> to determine if they are discoverable. <u>See</u> <u>U.S. Zolin</u>, 491 U.S. 554 (1989).