# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: BENICAR (OLMESARTAN) PRODUCTS LIABILITY LITIGATION | * CIVIL NO. 15-2606 (RBK)(JS) |
| | * HON. ROBERT B. KUGLER |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * |
| | * |

******************************************

## CASE MANAGEMENT ORDER NO. 10

### I.   SCOPE OF THE ORDER

This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of April 3, 2015; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. The Order only applies to claims brought by a U.S. citizen or resident based on usage of Benicar®, Benicar HCT®, Azor®, or Tribenzor® in the United States and allegations of serious gastrointestinal injury, including sprue-like enteropathy, lymphocytic colitis, microscopic colitis, and collagenous colitis.

### II.  STREAMLINED SERVICE OF PROCESS FOR CERTAIN DAIICHI U.S. AND FOREST DEFENDANTS

A.   Daiichi Sankyo, Inc. and Daiichi Sankyo U.S. Holdings, Inc. ("Daiichi U.S. Defendants") and Forest Laboratories, LLC, Forest Pharmaceuticals, Inc., and Forest Research Institute, Inc. ("Forest Defendants") agree to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of cases that are properly commenced in, removed to,

82205559.1

or transferred to this MDL as set forth herein. By waiving formal service of process, the Daiichi US and Forest Defendants do not waive any defenses available to them, other than those related to service.

B.  These procedures for streamlined service of process are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied. For plaintiffs seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.  Plaintiffs whose Complaints are not subject to Paragraph B above, who have not already served the Daiichi US and/or Forest Defendants, and whose case has not yet been docketed in the MDL shall have ninety (90) days from the date the case is docketed in the MDL to serve the Complaint with a Summons. Plaintiffs whose cases already have been docketed in this MDL, shall have thirty (30) days from entry of this Order to serve the Complaint with a Summons.

D.  The Complaint and a Summons(es) shall be served as follows:

1. By e-mail to benicarMDLcomplaints@dsi.com for the Daiichi US Defendants, and by e-mail to andrea.alfano@actavis.com for the Forest Defendants.
2. Only one plaintiff per e-mail with the Complaint and Summons attached.
3. The subject line must contain: Plaintiff Name, DOB, Product, and Law Firm.

E. A complaint served pursuant to this Order shall not be served on the Daiichi U.S. Defendants or the Forest Defendants by any other method. The procedures set forth in this Order shall be the exclusive method for service of process for complaints filed pursuant to Case Management Order No. 5 (the Direct Filing Order) after the date of this Case Management Order 10 as to Complaints against the Daiichi U.S. Defendants and the Forest Defendants. No other

method of service will be valid. In the event a lawyer unintentionally violates this Order and attempts to serve a Complaint on the Daiichi U.S. or Forest Defendants by any method other than as prescribed here, counsel for the Defendants shall notify said counsel in writing, sent via U.S. Certified Mail, and along with the writing, supply him/her with a copy of this Order so that the Complaint may be served in accordance with the terms of this Order, said service of the Complaint to be accomplished within 30 days of the date the writing is mailed.

F.  Failure to serve a Complaint within the time periods set forth above will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on service of process, defendants reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions.

G.  Certain other Daiichi Sankyo or Forest entities have been or may be named as defendants in these proceedings, including but not limited to Daiichi Sankyo Company Limited. The other Daiichi Sankyo or Forest entities have not agreed to streamlined service.

H.  Plaintiffs should receive an automatic reply from the mail box when a complaint is served. If no such reply is received within 24 hours, Plaintiffs should re-serve it pursuant to the terms of this Order. The date of the initial effort to serve the Complaint via email shall be deemed the date of service, if Plaintiffs can demonstrate that the initial e-mail was sent.

I. Counsel shall meet and confer and resolve any issues where entry of a default is under consideration.

Camden, New Jersey, this 29 day of September, 2015.

_____
Hon. Robert B. Kugler
United States District Judge

/s/ Susan M. Sharko
Susan M. Sharko
susan.sharko@dbr.com
Lead Counsel for the Defendants
**DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
PH: (973) 549-7000
FAX: (973) 360-9831

/s/ Michael C. Zogby
Michael C. Zogby
michael.zogby@dbr.com
Defendants' Liaison Counsel
**DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
PH: (973) 549-7000
FAX: (973) 360-9831

/s/ Christopher L. Coffin
Christopher L. Coffin
ccoffin@pbclawfirm.com
Co-Lead Counsel for the Plaintiffs
***Pendley, Baudin & Coffin, L.L.P.***
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
PH: (504) 355-0086
FAX: (504) 523-0699

/s/ Adam M. Slater
Adam M. Slater
alsater@mskf.net
Co-Lead Counsel for the Plaintiffs