UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| IN RE: BENICAR (OLMESARTAN) PRODUCTS LIABILITY LITIGATION | * | CIVIL NO. 15-2606 (RBK)(JS) |
| | * | HON. ROBERT B. KUGLER |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * | HON. JOEL SCHNEIDER |
| | * | |

*******************************

CASE MANAGEMENT ORDER NO. ~~12~~ 11

IT IS HEREBY ORDERED, with consent of all Parties, that Paragraph 20 of the Stipulated Discovery Protective Order entered June 5, 2105, is amended as follows:

20. "PROTECTED INFORMATION" shall not be disclosed to anyone other than the following categories of persons:

    a. The Court (and any appellate court), including court personnel and any court-appointed special master;

    b. Mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter;

    c. Employees of counsel for Plaintiffs or Defendants who have responsibility for assisting in the preparation and trial of this action or any appeal herein.

    d. Employees of outside copying, document imaging, litigation and trial support, and facsimile services;

    e. The persons who authored or contributed to the preparation of the "PROTECTED INFORMATION";

Case 1:15-md-02606-RBK-JS   Document 149-1   Filed 10/01/15   Page 2 of 4 PageID: 4534

  f. Disclosure may be made to consultants or experts (hereinafter, "consultants/experts") employed by Plaintiffs or Defendants, or their counsel, to assist in the preparation and trial of this litigation. However, prior to disclosure to any consultant/expert (including undisclosed consulting experts), the consultants/experts must agree to be bound by the terms of this Protective Order by executing the acknowledgement annexed hereto as Exhibit "A". A copy of each executed acknowledgement shall be maintained for Plaintiffs' consultant/experts by Plaintiffs' Counsel, and for Defendants' consultants/experts by Counsel for Defendants during the course of the litigation. At the conclusion of the litigation, counsel for Receiving Party shall confirm in writing with counsel for Producing Party that it will seek to have any documents designated as "PROTECTED INFORMATION" that were provided to consultants/experts returned to counsel for the Receiving Party.

  g. In no event shall a Receiving Party make disclosure to consultants/experts who are employees, officers, or directors of any competitors of Defendants, or anyone who at the time of disclosure is anticipated to become an employee, officer, or director of any competitor of Defendants, except pursuant to the terms of this provision. In the event a Receiving Party wishes to make disclosure to any such consultant/expert , or to anyone who at the time of disclosure, is anticipated to become such consultant/expert, irrespective of whether they are retained as a consultant/expert for Plaintiffs, the parties shall "meet and confer" to

determine a method to address such proposed disclosure. If, after meeting and conferring, the Parties are unable to agree on a method to address such proposed disclosure, either Party may contact the Court for the scheduling of a telephone conference call for the Court to determine whether and under what circumstances such disclosure by the Receiving Party will be permitted. The Court may conduct an in camera review of the documents at issue, in its discretion. The Court's determination on these issues shall be binding on all Parties. Prior to a determination by the Court on these issues, the Receiving Party may not disclose any PROTECTED INFORMATION to the proposed consultant/expert.

A "competitor" shall be defined as any pharmaceutical manufacturer or other company that manufacturers or markets Angiotensin Receptor Blockers.

h.  The Parties to the extent required for assisting in the preparation and trial of each individual case or any appeal herein. To the extent such disclosure is made, such Party shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information be held as protected.

i.  Deponents, Court reporters, videographers and their support personnel. Documents designated as "PROTECTED INFORMATION" may be shown to deponents during the deposition, but the deponent may not retain a copy of the document or have a copy of the transcript where the documents are discussed unless they have been informed of this Protective

Order and has agreed in writing to be bound by it by executing Exhibit A to this Order.

j. Any person who (i) wrote or received a copy of the document designated protected before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation.

k. Defendants' insurers, including the insurers' employees and representatives.

Camden, New Jersey, this 2nd day of October, 2015.

*Joel Schneider*
Hon. Joel Schneider
United States Magistrate Judge

82202849.1
209410/510357