Case 1:15-md-02606-RBK-JS   Document 166-1   Filed 10/19/15   Page 1 of 3 PageID: 4744

# EXHIBIT A

**DrinkerBiddle&Reath**
L L P

Susan M. Sharko
973-549-7350 Direct
Susan.Sharko@dbr.com

Law Offices

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

A Delaware Limited
Liability Partnership

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

September 9, 2015

**VIA FACSIMILE AND REGULAR MAIL**

Christopher L. Coffin
Pendley, Baudin & Coffin, L.L.P.
1515 Poydras Street, Suite 1400
New Orleans, Louisiana 70112

Adam M. Slater
Mazie Slater Katz & Freeman LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068

   Re: In re Benicar (Olmesartan) Products Liability Litigation
      MDL 2606

Dear Mr. Coffin and Mr. Slater:

  Your September 2 electronic filing of the motion to compel brief and exhibits failed to follow the requirements of the MDL Stipulated Discovery Protective Order, Local Rule 5.3, and Judge Schneider's instructions at the June 30 hearing to the extent you filed under seal eleven documents designated as Protected Information – Subject to Protective Order (Exhibits 11, 13, 16-22).

  The Protective Order requires the parties to meet and confer in advance of any filing to avoid filing protected materials under seal, and the filing party should refrain from filing protected materials. Specifically, Paragraph 27 provides:

> To the extent possible, parties shall attempt to avoid the need to file materials under seal by working with the Producing Party to create non-confidential, redacted or excerpted pages of materials containing "PROTECTED INFORMATION" to attach to filings. Where the filing party has not had an opportunity to confer with the Producing Party, in advance of a filing, the filing party shall not attach materials containing "PROTECTED INFORMATION" to its filing but shall instead designate by Bates number the materials containing "PROTECTED INFORMATION" that would have been attached or completely redact all "PROTECTED INFORMATION" from such materials.

Andrew B. Joseph
Partner responsible for
Florham Park Office

Established 1849

DrinkerBiddle&Reath

Christopher Coffin, Esq.
Adam M. Slater, Esq.
September 9, 2015
Page 2 of 2

      Your motion papers, Docket Entry No. 107, contained a brief with ten redactions, and attached eleven exhibits under sealing, thereby requiring a motion to seal to be filed by plaintiffs based on Judge Schneider's Text Order of September 3 (Docket Entry 111).

      As explained by Judge Schneider on June 30, the filing party must identify the least restrictive means of filing protected information and also file the minimum amount of pages, and here the redactions and the sealed exhibits are not necessary for the points you are making in the brief.

      We propose that plaintiffs re-file the motion to compel. The re-filed brief should cite the Bates numbers of the eleven protected documents without quoting the documents and requiring redactions. The eleven protected documents may be cited and referenced in the brief pursuant to the Protective Order, but they should not be filed as exhibits. Accordingly, not motion to seal would be needed as required by the Protective Order, Local Rule 5.3, and Judge Schneider's text order.

      Please let us know Plaintiffs' designee with whom we can address sealing issues so that we can schedule a call today or tomorrow to confirm this approach.

      Very truly yours,

      DRINKER BIDDLE & REATH LLP

      *Susan M. Sharko*
      Susan M. Sharko

82087290.1