# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | ( 3:11-MD-2244-K<br>(<br>(<br>( MDL Docket No.<br>(<br>(<br>( January 23, 2013 |

--------------------------------------------------------
This Document Relates to all Cases
--------------------------------------------------------

TRANSCRIPT OF STATUS CONFERENCE

BEFORE THE HONORABLE ED KINKEADE,

UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:   W. MARK LANIER
                     The Lanier Law Firm
                     6810 FM 1960 West
                     Houston, TX 77069
                     713/659-5200
                     cag@lanierlawfirm.com

FOR THE DEFENDANTS:  JOHN H. BEISNER
                     Skadden Arps Slate Meagher & Flom LLP
                     1440 New York Ave NW
                     Washington, DC 20005-2111
                     202-371-7209
                     John.Beisner@skadden.com


COURT REPORTER:      PAMELA J. WILSON, RMR, CRR
                     1100 Commerce Street, Room 1525
                     Dallas, Texas 75242
                     214.662.1557
                     pam_wilson@txnd.uscourts.gov

   Proceedings reported by mechanical stenography,
transcript produced by computer.

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE SECURITY OFFICER: All rise and come to order. |
| 3 | Hear ye. Hear ye. Hear ye. United States District |
| 4 | Court in and for the Northern District of Texas at Dallas is |
| 5 | now in session, the Honorable United States District Judge Ed |
| 6 | Kinkeade presiding. |
| 7 | Let us pray. |
| 8 | God save these United States and this Honorable Court. |
| 9 | Please be seated. |
| 10 | THE COURT: Okay. This is on the DePuy |
| 11 | Orthopaedics, Inc., Pinnacle hip implant, products liability |
| 12 | litigation, the MDL docket number 3:11-MD-224-K, and we've |
| 13 | got folks on the phone here. |
| 14 | I hope everybody can hear. |
| 15 | I don't know if we can hear you or not. |
| 16 | Anybody -- can we hear them? |
| 17 | Oh, I guess if you can't hear, I'm sorry. That's about |
| 18 | the best I can do. You won't even know this, so it doesn't |
| 19 | matter. |
| 20 | (Laughter.) |
| 21 | Gosh. |
| 22 | James, you're supposed to make sure I don't look bad. |
| 23 | That didn't happen just then. |
| 24 | So it's your fault? |
| 25 | THE CLERK: Yes, sir |

Case 3:11-md-02244-K JS Document 25 Filed 01/23/11 Page 3 of 11 PageID 3534149
Case 3:11-md-02244-K JS Document 25 Filed 01/23/11 Page 3 of 11 PageID 3534149

3

1      THE COURT: Thank you very much.
2      Okay. Let's talk about where we are.
3      First let's talk. I'm going to allow the lawyers to
4  kind of review where we are with regard to the deposition
5  protocol, the bellwether protocol, some of the things so that
6  everybody can know where we are.
7      And for those of you -- seriously those of you that are
8  out there, if there's some issue, and I guess I'm assuming
9  these are plaintiff's lawyers, if you don't feel like there's
10 some communication going on, I want you to make sure, contact
11 Mr. Stanton and let the court know that. Knowing these
12 lawyers I'm assuming those of you who are -- are able to get
13 in touch with Mr. Boyd, Mr. Lanier or some of the other
14 members of the committee.
15     And let me say I'm -- I'm going to start off allowing
16 either Mr. Boyd or Mr. Lanier to speak that Mr. Lanier has
17 been appointed colead counsel in the case. And I don't care
18 which one of y'all want to speak. I'll let whichever -- oh,
19 it's Mr. Lanier.
20     MR. LANIER: I think Mr. Boyd sent me up here.
21     Your Honor, thank you for the honor of appearing in
22 front of you and for the designation. I'll try to do
23 whatever I need to do to earn it.
24     Your Honor, it's been since August that we've been in
25 your courtroom, but we want you to know and everyone else to

Case 3:11-02600 Document 25 Filed 01/13/11 Page 4 of 11 PageID 150
Case 3:11-02600 Document 25 Filed 01/13/11 Page 4 of 11 PageID 150

4

1   know that we've been extremely diligent, both sides have
2   since that point in time, as you are aware, because you've
3   certainly sent us plenty of messages along the way.
4       Toward that end, we have worked exhaustively through the
5   magistrate to make sure that the documents have been produced
6   according to the order that you had given the parties to have
7   that done by the end of last year.
8       The defendants did certify substantial completion. They
9   are still having to update and supplement some files, but
10  they're in the process of doing that and are trying to do
11  that timely, vis-a-vis the various depositions that are going
12  on. I believe to date they have produced over 60 million
13  pages. We have been engaged in doing review of those
14  documents. During that time we were working on parallel
15  tracks trying to set up a deposition protocol and a
16  bellwether protocol as ordered by you for appropriate filing
17  with you.
18      We have worked in a number of different hearings with
19  the magistrate -- with the special master, James Stanton, and
20  Judge Stanton has done a wonderful job at basically somehow
21  sculpting us into agreements on most every issue. So we have
22  before you ready to be signed both a bellwether protocol and
23  a deposition protocol.
24      Recognizing that we were reaching that point, through
25  the master and through the court's urging, state counsel have

1  been contacted, both in New Jersey and Maryland, in
2  California, in New York.  And those state counsel have
3  indicated a -- a ready acceptance of trying to coordinate
4  with us, in essence, to make this process go a lot smoother.
5  And I think it continues through the wish of the state court
6  lawyers as well to make your courtroom the driving force
7  behind the litigation.
8       Your Honor, you had urged us in form -- in an informal
9  meeting to get on the stick with depositions early, and
10 toward that end we have noticed depositions.  Those
11 depositions will be starting before January is out.  We've
12 got several scheduled.  We've got almost a dozen scheduled in
13 February and a dozen being scheduled in March.
14      We have outlined 149 witnesses that at this point we
15 anticipate as possible for discovery.  Those depositions have
16 been set up into seven different categories by the
17 plaintiffs.  And within those categories they have been
18 prioritized with the more important ones at the top of the
19 list, the lesser important ones at the bottom.
20      We will be moving rapidly through those depositions.
21 The parties have expressed a willingness to double track
22 depositions, if necessary, but at this point we have not yet
23 started to do that.
24      We have continued to work well with the state court
25 lawyers.  I can report also to the court that the Maryland

Case 3:11-cv-02602-K-JS Document 25 Filed 01/13/11 Page 6 of 11 PageID 152
Case 3:11-md-02244-K-JS Document 25 Filed 01/13/11 Page 7 of 12 PageID 152

6

```
1   case, I think it's one, it may be two cases, but one case in
2   particular that seemed to be moving on a -- a judicial docket
3   that was a rotation docket, where you didn't have the same
4   judge at all times.  That case seems to be on a -- a track by
5   both Don Discepolo, who is the plaintiff's lawyer, and by the
6   counsel for DePuy, who has pulled it back some, recognizing
7   that the discovery we're doing in your court would benefit
8   anybody else in any other court.
9        We are still in the process of getting all of the
10  documents and things finalized that you might need before you
11  make some decisions that we know you've got in front of you.
12  But we are pledged to try and do that as expediently as
13  possible.
14       And that's the status of the world from the plaintiff's
15  end, Your Honor.
16            THE COURT:  Are the state lawyers going to
17  participate or just rely on y'all in the deposition process?
18            MR. LANIER:  Your Honor, at this point in time
19  we're trying to make a provision for them to participate if
20  they want to.  Most of the state lawyers have indicated to us
21  privately that they don't necessarily have the -- the funding
22  to capitalize a lot of the work that needs to be done in a
23  case -- in a case of this magnitude and they don't have the
24  inventory that seems to justify them putting a lot of
25  manpower into it.
```

1  So to the extent that they're going to rely on us, we're
2  happy for them to do that, and we've made some preliminary
3  overtures to them about how that can be done on an assessment
4  basis for their state court cases.  We don't have anything in
5  writing but we have drafts that have been circulated in that
6  regard.
7  　　To the extent that they want to participate, then he
8  have been told by the court through the master to make sure
9  that that provision is there and we are committed and will
10 represent to you on the record that we will work and
11 cooperate fully with those people.
12 　　　　THE COURT:  And some system that makes it
13 affordable for them to -- to do it that way.
14 　　　　MR. LANIER:  Absolutely, Your Honor.
15 　　And toward that end also, you have been given us some
16 guidance on how you expect things to be done within the
17 framework of the deposition protocol, as far as costs.  And
18 we understand that the defendants wish to have a second video
19 camera present on us that will be done on their cost.  And we
20 have an option of putting a third video camera on them, but
21 that would be on our cost.  And we haven't assessed that yet,
22 of whether or not we think that's necessary.
23 　　But we will certainly work within those state court
24 parameters to make sure that they -- you know, one case
25 should not have to bear the brunt of a lot of expense.

```
 1                THE COURT:  Okay.  So there will be fewer cameras
 2   than the Super Bowl?
 3                MR. LANIER:  By a factor of three by best
 4   estimation that we've got, Your Honor.
 5                THE COURT:  All right.  I want to make sure.
 6        All right.
 7                MR. LANIER:  I think mainly they want to keep them
 8   on the plaintiffs lawyers to make sure we don't sleep through
 9   the deposition.
10                          (Laughter.)
11                THE COURT:  Okay.  I hadn't thought of that, but, okay,
12   that's good.
13        Thank you.
14        Mr. Beisner.
15                MR. BEISNER:  Your Honor, I really have nothing to
16   add to Mr. Lanier's summary, except to -- we will -- we will
17   have to discuss the instant replay aspect of the depositions,
18   but --
19                THE COURT:  I like that.
20                MR. BEISNER:  -- we will work that out.
21        I did want to say, Your Honor --
22                THE COURT:  Will I get to have a little hood and I
23   can kind of look down in it and kind of see y'all up real
24   close, and then I am come out and do some, you know, signals
25   that will indicate to everyone very loudly what my ruling is?
```

| | |
|---|---|
| 1 | I like that. |
| 2 | MR. BEISNER: That's right. And it's going to be |
| 3 | very important in the last two minutes of every deposition. |
| 4 | (Laughter.) |
| 5 | THE COURT: I like that a lot. I like it. |
| 6 | Go ahead. |
| 7 | MR. BEISNER: Your Honor, the only comment I would |
| 8 | make, lest you or any of the counsel on the phone question |
| 9 | whether there is an adversarial process here, I would note |
| 10 | that we have had disagreements on a number of issues -- |
| 11 | THE COURT: Sure. |
| 12 | MR. BEISNER: -- number -- number of things have |
| 13 | come up. But I wanted to join Mr. Lanier in expressing |
| 14 | appreciation to the special master for leaping into the fray |
| 15 | and -- and I think asking the right questions of both sides. |
| 16 | And I think that's -- that's helped us find the right answers |
| 17 | on a number of issues. But lest you think some mind meld has |
| 18 | occurred here, such that we're not engaged in an adversarial |
| 19 | process, there has been -- there has been help getting us to |
| 20 | proper conclusions on these issues. |
| 21 | THE COURT: I saw no Spock ears on you or |
| 22 | Mr. Lanier, so I knew that was not occurring. |
| 23 | And, you know, we're going to have that and there -- |
| 24 | there should be that. That's appropriate. So I just think |
| 25 | that's -- that's -- you know, that's the way it should |

```
 1  proceed.
 2          I was trying to think, is there anything else you would
 3  like to put on the record?
 4              MR. BEISNER:  I don't believe so today, Your Honor.
 5              THE COURT:  Okay.  That's great.  Look forward to
 6  it.  And we'll schedule another one of these in the not too
 7  distant future.
 8          Okay.  Anything else from anybody here that you'd like
 9  for me to hear?
10          All right.  I think that concludes the hearing.
11          And those of you that are listening, if there's
12  something that you're concerned about, assuming you're a
13  plaintiff's lawyer, please contact either the court, the
14  master or the plaintiff's attorneys, Mr. Boyd and Mr. Lanier,
15  and let them know.  And we'll proceed to try to resolve those
16  issues.
17          Thank y'all very much and we're -- we're now adjourned.
18          Thank y'all.
19                          (End of proceedings.)
20
21
22
23
24
25
```

Case 3:11-md-02244-K JS Document 25 Filed 01/23/13 Page 11 of 11 PageID 542
Case 3:11-cv-02608-K-BK Document 25-18 Filed 01/23/13 Page 12 of 12 PageID 2157

11

1                  C E R T I F I C A T I O N

2      I, PAMELA J. WILSON, CSR, certify that the foregoing is a

3 transcript from the record of the proceedings in the

4 foregoing entitled matter.

5      I further certify that the transcript fees format comply

6 with those prescribed by the Court and the Judicial

7 Conference of the United States.

8      This the 23rd day of January, 2013.

9

10

                                 s/Pamela J. Wilson
11                                 PAMELA J. WILSON, RMR, CRR
                                 Official Court Reporter
12                                 The Northern District of Texas
                                     Dallas Division

13

14

15

16

17

18

19

20

21

22

23

24

25