# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | |

## CASE MANAGEMENT ORDER NO. 2

The Court hereby Orders as follows:

1. **Applicability of Order.** The following procedures and schedules will govern the identification and selection of the initial bellwether plaintiffs whose claims will be adjudicated in a succession of bellwether trials. The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the parties to make appropriate modifications.

2. **Trials.** The Court believes that conducting early bellwether trials will further the efficient progress of this litigation. The Court intends upon an initial setting of four bellwether trials. The Court sets these initial bellwether trials for the following dates and locations:

   a. February 6, 2017 – Eastern District of Louisiana

   b. March 13, 2017 – Eastern District of Louisiana

   c. April 24, 2017 – Mississippi (District to be determined)

   d. May 30, 2017 – Texas (District to be determined)

   The first MDL trial will commence on February 6, 2017. The parties reserve their right to request, or the right to oppose such a request, that the trial be moved to March __,

00310147

2017, should it be determined the trial cannot be fairly conducted with all parties having adequate time for the trial to conclude prior to Mardi Gras. This issue will be addressed at the November 2016 status conference.

The Court's selection of the locations for the third and fourth trials is subject to change, in the discretion of the Court, if (a) the Court is not able to obtain a temporary assignment to try a case in another district pursuant to 28 USC 292, (b) the parties agree to waive *Lexecon* permitting the trial of a non-Louisiana plaintiff's case in the Eastern District of Louisiana, or (c) the Court determines after input from the parties that trial of a plaintiff's case in another venue is more appropriate.

3. **Defendant Discovery**.

   a. **Document Production**. Defendants will produce documents according to the procedures set out in Pretrial Order No. 21, incorporated herein by reference, through July 29, 2016.

   b. **Deposition Schedule**. Plaintiffs may take 50 depositions of Defendants, including current and former employee depositions and Rule 30(b)(6) depositions, to be divided reasonably between Bayer and Janssen Defendants. In addition, Plaintiffs may take the five Rule 30(b)(6) depositions already noticed. Any additionally noticed 30(b)(6) deposition shall count as one witness provided the topics included within the 30(b)(6) Notice of Deposition are sufficiently related. In addition, Plaintiffs may take the depositions of one detail representative per discovery pool plaintiff. In addition, Plaintiffs and Defendants may take depositions of third parties.

    c. **Conclusion of Defendant Discovery.** The Plaintiffs shall conclude discovery of Defendants, including depositions, by September 23, 2016.

4. **Third-Party Discovery.** The limitations on the number of depositions in this order shall not apply to third party depositions. The limitations on the volume of documents contained in this order and in PTO 21 shall not apply to document production by third parties if Defendants do not do a pre-production review or process those productions on behalf of the third party. The parties dispute whether the limitations on the volume of documents should apply if Defendants have an obligation to do a pre-production review or to process the documents of a third party. If such a situation arises, the parties will meet and confer as to the impact if any of such third party document discovery, and if they are unable to agree, either party may present the dispute to the Court for resolution.

5. **Bellwether Selection and Discovery.**

    a. **Discovery Directed Toward Non-Bellwether Pool Plaintiffs.** Absent a showing of good cause or upon agreement of the parties, for plaintiffs that are not included in the bellwether discovery pool, no discovery beyond the discovery allowed in PTO 13 shall be conducted until further Order of this Court.

    b. **Discovery Pool.** The initial bellwether discovery pool shall consist of 40 Plaintiffs. The parties are to meet and confer regarding eligibility to be part of the initial bellwether discovery pool and the appropriate selection categories based upon a census of the plaintiffs in the MDL. The parties are to report to the Court no later than December 18, 2015, as to the eligibility criteria and appropriate categories. The Court expects the parties to select representative plaintiffs whose trials will provide meaningful information to the Court and the Parties.

    c. **Discovery Pool Selection.** By January 11, 2016, forty (40) cases shall be selected for inclusion in the initial bellwether discovery pool pursuant to the following:

| | |
|---|---|
| Plaintiffs: | 10 Selections; |
| Defendants (Collectively): | 10 Selections; |
| Random: | 20 Selections. |

The Parties are to meet and confer as to the random selection process and report to the Court on a suggested process for selection by no later than December 18, 2015.

The geographic composition of the Discovery Pool shall be addressed in a separate order.

    d. **Discovery Limits for Initial Bellwether Discovery Pool.** The forty (40) initial bellwether discovery pool cases selected shall proceed to discovery. Depositions in the initial discovery pool shall be limited to the following:

        i. Plaintiff;

        ii. Plaintiff's Prescribing Physician (or the primary prescriber if there is more than one);

        iii. One Treating Physician; and

        iv. One Sales Representative as determined by the Plaintiffs.

    e. **Initial Bellwether Discovery Completion.** The deposition deadline for the initial bellwether discovery pool shall be July 15, 2016.

6. **Bellwether Selection.** By August 1, 2016, cases shall be proposed for bellwether selection. The mechanisms for bellwether selection shall be addressed in a separate order.

7. **Bellwether Trial Discovery.** After the Court selects, or the parties agree, on the cases to be set for trial, the parties shall meet and confer to disclose any additional fact witnesses who may be called as witnesses in such trials. Any additional fact witness depositions necessary for the first bellwether trial shall be concluded by September 23, 2016.

8. **Expert Schedule for Bellwether Trials.** The following schedule shall apply to expert witness discovery in the bellwether trials:

   a. **Plaintiff Generic and Case Specific Expert Reports.** On or before September 30, 2016, plaintiffs shall designate and provide reports by their expert witnesses for the bellwether trials.

   b. **Defendant Generic and Case Specific Expert Reports.** On or before October 28, 2016, defendants shall designate and provide reports by their expert witnesses for the bellwether trials.

   c. **Plaintiff Rebuttal Reports.** The Plaintiffs shall be allowed a rebuttal expert report only upon a showing of good cause to the Court.

   d. **Depositions.** At the time of the submission of the expert report, each expert shall indicate no fewer than three dates the expert is available for deposition. Expert depositions shall conclude by November 22, 2016. At least ten (10) days prior the deposition, the expert shall produce all files, documents and reliance materials subject to discovery under the Federal Rules.

   The limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all bellwether cases.

00310147

9. **Briefing Schedule for Dispositive /** *Daubert* **Motions Regarding the Bellwether Trial(s).**

    a. **Motions and Briefs:** November 29, 2016

    b. **Response in Opposition Briefs:** December 19, 2016

    c. **Reply Briefs:** December 30, 2016

    d. **Hearing and Argument (if necessary):** January 5, 2017

The Court will determine at a later date to which bellwether case(s) the above schedule shall apply.

10. **Schedule for Trial Preparation Documents for the First Bellwether Trial.**

    a. **Jury Questionnaire:** December 15, 2016

    b. **Final Witness List:** January 5, 2017.

    c. **Exhibit Lists and Deposition Designations:** January 5, 2017.

    d. **Plaintiff Medical Updates:** January 5, 2017

    e. **Plaintiffs' and Defendants' Counter Deposition Designations:** January 16, 2017.

    f. **Plaintiffs' and Defendants' Objections to Exhibits and Deposition Designations:** January 23, 2017

    g. **Plaintiffs' and Defendants' Jury Charges:** January 23, 2017

    h. **Motions** *in Limine:* January 12, 2017

    i. **Oppositions to Motions** *in* **Limine:** January 23, 2017.

    j. **Reply Briefs Regarding Motions** *in Limine:* Shall only be allowed by agreement or Order of the Court.

    k. **Pretrial:** January 30, 2017.

00310147

As to the trial preparation document schedule for each of the successive bellwether trials, the Parties shall meet and confer to derive a schedule that is consistent with the schedule set out below for bellwether trials following the first bellwether trial.

NEW ORLEANS, LOUISIANA this 17th day of September, 2015

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE

00310147