# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE:

FOSAMAX (ALENDRONATE SODIUM) PRODUCTS LIABILITY LITIGATION (No. II)
*This Document Relates To All Actions*

MDL No. 2243
Civ. No. 08-08(JAP)(LHG)

RECEIVED
MAY - 2 2012
AT 8:30____
WILLIAM T. WALSH
CLERK

## CASE MANAGEMENT ORDER NO. 10

1. **FACT DISCOVERY**

   **1.1  Initial Discovery**

   Parties in all cases in this proceeding are relieved from complying with the intial disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A).

   **1.2  Completion Date**

   General fact discovery of Defendant Merck Sharp & Dohme Corp. ("Merck") shall be completed by December 31, 2012.

   **1.3  Other Discovery in Individual Cases**

   In addition to the completion of Profile Forms and Authorizations as set forth in CMO No. 8, Plaintiffs and Merck may take any additional case-specific discovery required to prepare the remaining Early Discovery Cases identified in Exhibit A to CMO No. 9 for motion practice and/or trial.

   **1.4  Master Interrogatories and Requests for Production**

   Plaintiffs' Steering Committee ("PSC") will serve Merck with a Master Set of Interrogatories and Request for Production of Documents within 30 days from the date of entry of this order. Plaintiffs shall be limited to fifty (50) interrogatories, including subparts, and one hundred (100) document requests, including subparts, in their master set. Except as noted above,

interrogatories and document requests shall otherwise be subject to this Court's Local Rules and all other applicable Rules. Within sixty (60) days of service of such Master Interrogatories and Requests for Production, counsel for defendant Merck shall provide written responses to the PSC's Master Set of Interrogatories and Request for Production of Documents. The parties shall meet and confer to determine which of the documents have already been produced, and to agree upon a production schedule for non-objectionable document requests. The Court shall enter a separate order regarding response dates for all other defendants.

### 1.5 Fact Depositions

Plaintiffs shall in good faith take only those depositions of Merck and its current and former employees deemed reasonably necessary under the circumstances of this case. Merck shall make available, without requiring a subpoena, all current employees requested by plaintiffs for deposition, subject to the limits set on the number of depositions set forth within this Order and to Merck's right to object to the taking of any particular employee's deposition for good cause shown. Merck shall take reasonable steps to make available requested former employees, to the extent possible, but may also object to the taking of such former employees' depositions. Plaintiffs collectively shall be limited to fifteen (15) depositions of Merck's current employees and former employees, including depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6). (This limit does not apply to depositions of current and former Merck professional representatives, which shall be the subject of a separate order). Depositions of current and former employees of Merck taken in MDL 1789 (FOSAMAX PRODUCTS LIABILITY LITIGATION) may be used as if taken in this litigation and plaintiffs' counsel will make a good faith effort to avoid unnecessarily duplicating the testimony already provided in those depositions. Absent agreement by Defendants, Plaintiffs may apply to the Court to conduct further depositions or a

subsequent deposition of an individual previously deposed only upon a showing of good cause and the specific identification of the individual(s) sought to be deposed.

Unless otherwise agreed by all parties, depositions will proceed according to the Federal Rules of Civil Procedure and Local Rules, except as specified below. Any agreement to deviate from the Federal Rules of Civil Procedure, the Local Rules of this Court, or this Order must be recorded on the transcript at the time the deposition commences. The Court will not set specific deadlines for beginning depositions or the amount of notice that will be given. The Court expects the parties to use good judgment in scheduling depositions and in noticing depositions. Individuals to be deposed should be given a reasonable amount of advance notice. All notices propounded pursuant to Fed. R. Civ. P. 30(b)(6) must give the witness to be deposed adequate time to prepare himself or herself on the subject matter of the deposition. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to resolve any scheduling dispute(s). The examination by the party noticing the deposition shall be no more than seven (7) hours of actual examination time absent agreement or further order of this Court upon a showing of good cause. The Court expects that if a deposition requires additional time, the parties will make a good faith effort to agree on an extension before coming to the Court for resolution.

The party noticing a fact deposition shall designate one attorney to conduct the examination of the deponent. Disputes between the parties arising during a deposition should be addressed to this Court rather than to the court in the district in which the deposition is being conducted. A copy of any document about which examining counsel expects to question the deponent should ordinarily be provided to primary counsel for the parties and for the deponent at

the time presented to the deponent. Absent agreement by the parties, a certified court reporter shall stenographically record all deposition proceedings and testimony. Any deposition may be videotaped at the request of any party, provided that the deposition notice or subpoena contains or is accompanied by a notice that the deposition will be videotaped. The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

Any fact witness deposition in this MDL may be cross-noticed by any party in any Fosamax-related action pending in state court. Each deposition notice shall include the name, address and telephone number of the primary examiner designated by the party noticing the deposition; and the date, time and place of the deposition. If a state court deposition has been cross-noticed in this MDL, then the state court plaintiffs may not take a subsequent deposition of that witness except for good cause shown as determined by this Court or because documents which may be relevant to the witness or lead to discoverable information is produced or discovered after the date of the deposition and, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Court or to subsequently produced or discovered documents. The attorney who conducts the primary examination for the noticing party is responsible for ensuring that a copy of the deposition transcript, a disk, and, where applicable, a videotape or video DVD, are provided to the other side's counsel.

SO ORDERED.

Dated: Trenton, New Jersey
April 30, 2012

_____
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE