# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

FOSAMAX PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

MASTER FILE

1:06-MD-1789 (JFK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-1-06

# CASE MANAGEMENT ORDER NO. 3
(Pretrial Schedule)

It appearing that the civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multidistrict Litigation pursuant to its order of August 16, 2006, merit special attention as complex litigation, it is therefore ORDERED that:

1. **APPLICABILITY OF ORDER**

The provisions of this Order shall govern the practice and procedure in those actions: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of August 16, 2006 listed on Schedule A; (2) all related actions against Defendant Merck & Co., Inc. ("Merck") alleging the prescription medicine Fosamax caused patients prescribed it to suffer jaw injuries that were filed in the Southern District of New York and were previously before this Court; and (3) any "tag-along" actions later filed in, removed to, or transferred to this Court. The Clerk will send a copy of this order to counsel for any plaintiffs or newly named defendants in any case newly filed in or transferred to this Court. This Order vacates any case management or scheduling order issued by a federal court prior to the transfer of a case to MDL-1789. Moreover, all pending motions and outstanding discovery requests in the transferor courts are vacated and superseded by this Order and subsequent orders issued by this Court.

### 1.1 Separate Order Governing Claims Involving Actonel

A separate order governing the practice and procedure in those actions brought against Defendants Procter & Gamble Pharmaceuticals, Inc. and Sanofi-Aventis U.S. LLC in addition to Merck, involving both the prescription medicine Actonel and the prescription medicine Fosamax, will be issued at a later date.

### 2. COORDINATION

The civil actions listed on Schedule A are coordinated for pretrial purposes. Any "tag-along actions" later removed to or transferred to this Court, or directly filed in the Southern District of New York, will automatically be coordinated with this action without the necessity of future motions or orders. This coordination, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

### 2.1 Answering

Merck shall have thirty (30) days to answer, move with respect to, or otherwise respond to complaints in cases transferred to this Court where no answer has previously been filed in the transferor court.

### 3. POSITION STATEMENT

Within twenty (20) days of entry of this Order, plaintiffs and defendants shall each submit to the Court separate brief written statements indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may

not be offered in evidence against a party in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, listing the name of the assigned court and judge, together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants. Submissions from each side are not to exceed twenty (20) double-spaced pages.

### 4. DIRECT FILING OF CASES

Merck has stipulated that it will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any Fosamax-related cases filed directly in the Southern District of New York that emanate from districts outside the Southern District of New York and that would appropriately be included in this multidistrict litigation proceeding. Accordingly, a plaintiff may now file any such complaint against Merck directly in the Southern District of New York, rather than in a federal district court affording proper venue. Merck's stipulation and agreement in this regard is contingent on the understanding that upon the completion of all pretrial proceedings applicable to a case directly filed before this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case. The Court intends to proceed consistent with that understanding. This stipulation and agreement is by Merck only and does not apply to any other defendant, including any of Merck's insurers, employees, or representatives. This stipulation and agreement applies only to cases filed subsequent to the entry of this Order.

## 5. FILING AND SERVICE OF DOCUMENTS

Case Management Order No. 1 ("CMO 1") requires all parties to register for and participate in this Court's ECF filing system. This system gives each party immediate access to all electronically filed cases and obviates the need to make personal service on the individual parties. As previously ordered in CMO 1, all documents shall be filed electronically via the Court's ECF system and must be filed in accordance with the MDL CM/ECF Filing Procedures for MDL-1789.

The Clerk of Court will maintain a master docket case file under the style "In Re: Fosamax Products Liability Litigation" as master file number 1:06-md-1789. When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to." Orders, pleadings, motions and other documents shall bear a caption similar to that of this Order.

The Court will serve all orders through the ECF system. Plaintiffs' Lead and Liaison Counsel shall be responsible for providing copies of any order, pleading, motion, letter or other document to any party/counsel who does not receive service of the order through the ECF system. Per the Court's Procedures for Electronic Filing, attached hereto, transmission of the Clerk's Notice of Electronic Filing of a document shall constitute a service of such document upon any Filing User. Parties should be familiar with these procedures.

Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation. Association of local co-counsel is not required. The Clerk is directed to employ such measures as to permit attorneys of record in MDL-1789 to

4

register for this Court's ECF case management system. The requirements of Local Rule 1.3 are waived, and Case Management Order 1, in so far as it relates to admission of attorneys (paragraph 2) is hereby revoked.

### 6. FILING OF DISCOVERY REQUESTS

In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

### 7. REMAND STIPULATIONS

In the event that a case is remanded to the transferor court, the parties shall furnish to the Clerk of the transferee court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the Clerk of the transferee court to comply with the order of remand.

### 8. INITIAL CASES

Within forty-five (45) days of entry of this Order, the parties shall confer to discuss a plan for suggesting a schedule for discovery and motions in twenty-five cases that may be worked up through expert discovery and from which 3 cases may be selected for trial to commence at a date when reasonably necessary discovery is completed. The parties shall report to the Court within fifteen (15) days after such meeting the progress of their discussions.

### 9. CLASS ACTIONS

The parties have agreed and the Court orders that issues relating to the third party payor class action filed in the District of New Jersey captioned *Allied Services Division Welfare Fund v. Merck & Co., Inc.*, No. 06-CV-4291 (D.N.J. filed Sept. 12, 2006) and awaiting transfer to this MDL and any similar third party payor class cases will be stayed pending further order of this

Court. The Plaintiffs' Executive Committee ("PEC") will notify defendants as to whether or not they intend to pursue certification of a personal injury class within twenty (20) days of the issuance of this Order. The issues relating to class certification of a personal injury class (if pursued) and medical monitoring class shall be prepared for an early hearing. Plaintiffs' Rule 26(a)(2) Disclosures on Class Issues shall be filed on or before April 13, 2007. Merck's Rule 26(a)(2) Disclosures on Class Issues shall be filed on or before May 11, 2007. Expert Discovery Cut-Off on Class Issues shall be July 20, 2007. Plaintiffs' Class Certification Brief shall be filed on or before August 10, 2007. Merck's Opposition Brief shall be filed on or before September 7, 2007. A hearing on Class Certification issues shall be held in September 2007. Fact discovery necessary in connection with the briefing on personal injury class certification motion (if pursued) and medical monitoring class shall be completed by March 30, 2007. The parties are directed to work together in a good faith effort to resolve any dispute that may arise between them on the issue of whether discovery is class or merits related before seeking Court intervention.

### 10. FACT DISCOVERY

#### 10.1 Completion Date

Unless otherwise ordered, all discovery to be coordinated in this MDL Court in those non-class action cases coordinated as of October 1, 2006 shall be completed on or before December 31, 2008.

#### 10.2 Initial Disclosures

Parties in all cases in this proceeding are relieved from complying with the requirements of Fed. R. Civ. P. 26(a).

### 10.3 Written Discovery in Individual Cases

Defendants have provided the PEC with a proposed Plaintiff Profile Form ("PPF") and Authorizations for the Release of Medical and/or Dental Records and other sources of information ("Authorizations"). The parties shall agree upon the content of the PPF and Authorizations within twenty (20) days from entry of this order, failing which they shall submit their respective positions to the Court within ten (10) days for determination. Once final forms for the PPF and Authorizations have been agreed to or, in the event the parties cannot reach an agreement, once final forms for the PPF and Authorizations have been determined by this Court, plaintiffs in all cases pending at that time shall have sixty (60) days to submit completed PPFs and Authorizations to counsel for defendants. To "submit completed PPFs and Authorizations" means to answer every question on the PPF and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating "not applicable" or "I don't know" and to provide all applicable Authorizations. Plaintiffs in cases that become part of this MDL after the final forms for the Authorizations and PPFs are in effect shall have sixty (60) days from the date their complaint is directly filed with the Court or, for cases transferred to this Court, the date their conditional transfer order becomes final to submit completed PPFs and Authorizations to counsel for defendants. Defendants may thereafter send a deficiency letter to counsel for plaintiffs. Individual plaintiffs will have thirty (30) days from receipt of a deficiency letter to cure deficiencies noted in the individual PPFs and Authorizations. After the period to cure has run, defendants may move for sanctions, including without limitation, attorneys fees, dismissal without prejudice, or dismissal with prejudice, for plaintiffs' failure to provide completed PPFs and Authorizations. The above provisions in no way limit defendants' ability to send notices of

deficiency based on later-acquired information.

Information contained in the PPFs shall be verified under oath by all plaintiffs. Plaintiffs' sworn responses shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26. To the extent that any documents or responses are withheld on the grounds of privilege, plaintiffs shall provide a privilege log.

### 10.4   Merck Case Profile Form

Plaintiffs have provided Merck with a proposed Merck Case Profile Form ("CPF"). At this point, the Court sees no need for a CPF. However, after 6 months of discovery if the plaintiffs wish to revist the issue, they may do so at a conference, advising the Court ahead of time that this will be the subject of discussion at the conference.

### 10.5   Other Discovery in Individual Cases

In addition to the PPF and Authorizations procedures noted above, the parties may take any additional case-specific discovery required to prepare individual cases for motion practice and/or trial.

### 10.6   Master Interrogatories and Requests for Production

Merck is currently in the process of producing its official Investigational New Drug ("IND") and New Drug Application ("NDA") files for Fosamax and Fosamax Plus D, which the Court understands comprises several hundreds of thousands of pages of documents relating to Merck's communications with the United States Food and Drug Administration relating to the development, approval for sale, and post-market surveillance of Fosamax. Merck will produce the official IND and NDA files for Fosamax and Fosamax Plus D to plaintiffs as

soon as reasonably possible but no later than December 31, 2006 assuming that a protective order in the form contemplated in Section 10.7, *infra*, has been entered by that time. Plaintiffs have indicated that they will seek production of additional documents and information from Merck. Therefore, the Plaintiffs' Steering Committee ("PSC") will file a Master Set of Interrogatories and Request for Production of Documents within twenty (20) days from entry of this order. Except for the fact that plaintiffs shall be limited to seventy-five (75) interrogatories including subparts in their master set, interrogatories shall otherwise be subject to the limitations of this Court's Local Rules and all other applicable Rules. Within sixty (60) days of service of such Master Interrogatories and Requests for Production, counsel for defendants shall provide written responses to PSC's Master Set of Interrogatories and Request for Production of Documents. The parties shall meet and confer to determine which of the documents have already been produced, and to agree upon a production schedule for non-objectionable document requests.

### 10.7 Confidentiality of Produced Materials or Deposition Testimony

Within fifteen (15) days of entry of this Order, Merck will furnish to plaintiffs a proposed confidentiality agreement which will permit plaintiffs' counsel, plaintiffs' experts, and the respective necessary staff for counsel and experts to execute the confidentiality agreement and then have access to the documents and confidential materials produced in this case. This confidentiality agreement will be submitted to the Court for approval in the form of a jointly agreed upon Protective Order that will govern all actions in this MDL. The Protective Order will address procedures for the inadvertent or unintentional production of any privileged or confidential information not being construed as a waiver of the producing party's right to claim

privilege or confidentiality as to such materials.

### 10.8 Assertion of Privilege in Response to Production Requests

Any party that withholds the production of requested documents or materials, regardless of the manner in which they are kept or maintained, on the ground of any privilege or application of the work-product doctrine must specify in writing, as to each document or thing not produced, the specific privilege(s) or doctrine(s) it is relying upon to withhold each document ("Privilege Log"). Each Privilege Log shall describe each document or thing to which a privilege or work product doctrine is asserted, a manner consistent with this Court's Local Rule 26.2(a)(2)(A). The Privilege Log shall be produced within forty-five (45) days of each production.

Merck shall indicate on the document itself as to whether any redaction is (1) for privilege, the specific privilege being listed on the privilege log, (2) to protect privacy, (3) of information required to be redacted by C.F.R. §§ 312.130, 314.430(e) and 20.63(f), (4) of information about products other than Fosamax or Fosamax Plus D, (5) of non-product specific information, (6) of Fosamax or Fosamax Plus D trade secrets, (7) of information Merck obtains from a third party pursuant to a contract requiring confidentiality, or (8) for another reason, which Merck shall describe to plaintiffs either on the document or in a cover letter.

### 10.9 Fact Depositions

Plaintiffs shall in good faith take only those depositions of defendants and their current employees deemed reasonably necessary under the circumstances of this case. Merck shall make available, without requiring a subpoena, all current employees requested by plaintiffs for deposition, subject to the limits set on the number of depositions set forth within this Order

and to defendants' right to object to the taking of any particular employee's deposition for good cause shown. Defendant shall take reasonable steps to make available requested former employees, to the extent possible. Plaintiffs collectively shall be limited to twenty-five (25) depositions of Merck's current employees and former employees, including depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6). Absent agreement by the defendants, plaintiffs may apply to the Court to conduct further depositions or a subsequent deposition of an individual previously deposed only upon a showing of good cause and the specific identification of the individual(s) sought to be deposed.

Unless otherwise agreed by all parties, depositions will proceed according to the Federal Rules of Civil Procedure and Local Rules, except as specified below. Any agreement to deviate from the Federal Rules of Civil Procedure, the Local Rules of this Court, or this Order must be recorded on the transcript at the time the deposition commences. The Court will not set specific deadlines for beginning depositions or the amount of notice that will be given. The Court expects the parties to use good judgment in scheduling depositions and in noticing depositions. Individuals to be deposed should be given a reasonable amount of advance notice. All notices propounded pursuant to Fed. R. Civ. P. 30(b)(6), must give the witness to be deposed adequate time to prepare himself or herself on the subject matter of the deposition. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to resolve any scheduling dispute(s). The examination by the party noticing the deposition shall be no more than seven (7) hours of actual examination time absent agreement or further order of this Court upon a showing

of good cause. The Court expects that if a deposition requires additional time, the parties will make a good faith effort to agree on an extension before coming to the Court for resolution.

The party noticing a fact deposition shall designate one attorney to conduct the examination of the deponent. Disputes between the parties arising during a deposition should be addressed to the Magistrate Judge assigned in this Court rather than to the court in the district in which the deposition is being conducted. A copy of any document about which examining counsel expects to question the deponent should ordinarily be provided to primary counsel for the parties and for the deponent at the time presented to the deponent. Absent agreement by the parties, a certified court reporter shall stenographically record all deposition proceedings and testimony. Any deposition may be videotaped at the request of any party, provided that the deposition notice or subpoena contains or is accompanied by a notice that the deposition will be videotaped. The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law. Subject to any restrictions contained within the protective order entered in this litigation, any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting counsel that noticed the deposition or the court reporter.

Any fact witness deposition in this MDL may be cross-noticed by any party in any Fosamax-related action pending in state court. Each deposition notice shall include the name, address and telephone number of the primary examiner designated by the party noticing the deposition; and the date, time and place of the deposition. If a state court deposition has been cross-noticed in this MDL, then the state court plaintiffs may not take a subsequent deposition of

that witness except for good cause shown as determined by this Court or because documents which may be relevant to the witness or lead to discoverable information is produced or discovered after the date of the deposition and, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Court or to subsequently produced or discovered documents. The attorney who conducts the primary examination for the noticing party is responsible for ensuring that a copy of the deposition transcript, a disk, and, where applicable, a videotape or video DVD, are provided to the other side's counsel.

SO ORDERED.

Dated: New York, New York
November __1__, 2006

_____
JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE

Attachments