THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| _____ : | | |
| | : | |
| Allen WILLIAMSON, D.O. and | : | Civil Action No: 1:16-CV-05371 |
| WIFE, Kathryn WILLIAMSON, D.O., | : | Master Docket No. 15-2606 (RBK/JS) |
| | : | |
| *Plaintiffs,* | : | |
| v. | : | ORDER and OPINION |
| | : | |
| DAIICHI SANKYO, Inc., *et al.,* | : | |
| | : | |
| *Defendants.* | : | |
| _____: | | |

**KUGLER**, United States District Judge:

Plaintiffs seek remand of this lawsuit to the state court of Jefferson County, Texas, asserting a complete lack of diversity jurisdiction.  For the reasons set forth below, Plaintiffs' motion will be denied.

**Facts and Procedural Background**

In April 2015, all claims involving olmesartan-containing prescription drugs, which allegedly result in certain gastro-intestinal injuries, were consolidated as a Multi-District Litigation ("MDL") in the United States District Court for the District of New Jersey. Defendants are the drug manufacturers or distributors:  Daiichi Sankyo, Inc., Daiichi Sankyo Co., Ltd., Daiichi Sankyo U.S. Holdings, Inc., Forest Laboratories, LLC, Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., and Forest Research Institute, Inc. [hereinafter "Daiichi defendants"].

1

On 8 July 2016, the plaintiffs, residents of the state of Texas, filed a civil action in the District Court of Jefferson County, Texas ["the state action"] against the Daiichi defendants and against resident defendant Srinivasa Rao Kothapalli, M.D. [hereinafter "Dr. Kothapalli"] and asserted two disparate claims: first, product liability claims against the Daiichi defendants arising from plaintiff Alan Williamson's injuries allegedly due to his ingestion of defendants' olmesartan-containing drug; and second, a medical malpractice claim against Dr. Kothapalli for prescribing Williamson the drug.

On 11 August 2016, the Daiichi defendants removed the state case to the United States District Court of the Eastern District of Texas ["the federal action"]. The federal action was then transferred to this Court.

In their motion for remand back to Texas state court, plaintiffs assert that removal to the Eastern District of Texas was improper since complete federal diversity jurisdiction was lacking because Dr. Kothapalli, a Texas resident, had also been named as defendant in the state action.

In their opposition brief, defendants advocate that the inclusion of Dr. Kothapalli in the state action was but a ploy to defeat diversity jurisdiction because plaintiffs' medical malpractice claim against Dr. Kothapalli was insufficiently pleaded under the Texas Medical Liability Act. Defendants acknowledge that they removed the state action to federal court based on their belief that Dr. Kothapalli had been fraudulently joined to manipulate federal subject matter jurisdiction. Defendants' Brief in Opposition to Plaintiffs' Motion for Remand, pg.3.

The issue is whether Dr. Kothapalli was fraudulently joined as a defendant in the state action, and specifically whether the state action complaint points to medical malpractice with colorable sufficiency.

**Legal Standard**

In essence, defendants raise two arguments against the legitimacy of the state medical malpractice claim against Dr. Kothapalli: first, that Dr. Kothapalli was fraudulently joined to the state action; and second, that the non-diverse defendants in the state action were procedurally misjoined, i.e., fraudulently misjoined.

Regarding the fraudulent misjoinder argument, the Third Circuit does not recognize a cause of action under this doctrine (*See, e.g.*, *In re Paulsboro Derailment Cases*, 2014 WL 197818 (D.N.J. 2014), at *3). Even in the absence of a definitive promulgation by the Third Circuit, the Eastern District of Pennsylvania has nonetheless applied the fraudulent misjoinder doctrine in a pharmaceutical case. This doctrine, however, was relied on solely because of special circumstances, namely, egregious conduct by plaintiffs. *Id*. at *4 *citing In re Fosamax*, 2012 WL 1118780, at *5. Since defendants have neither argued nor demonstrated plaintiffs' egregious conduct, this court finds no basis within the facts presented here to expand beyond Third Circuit jurisprudence and consider a fraudulent misjoinder analysis. Accordingly, this opinion resolves only the issue whether Dr. Kothapalli was fraudulently joined in the state action.

In a products liability class action regarding an allegedly defective drug (*In re Briscoe*, 448 F.3d 201 (3d Cir. 2006)), the Third Circuit denied plaintiffs' motion to remand the action back to a Texas state court, having found that plaintiffs had fraudulently joined non-diverse defendants.

*Id.* at 219. Recognizing that fraudulent joinder is an exception to the requirement that removal be predicated solely upon complete diversity (*Id*. at 215-216 *citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)), *Briscoe* held that this exception authorizes a district court to refuse to remand whenever " 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention to prosecute the action against the defendant or seek a joint judgment' ". *Id.* at 216 *citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)*.

According to *Briscoe*, the removing defendant, carrying a heavy burden of persuasion, must show that the claims against the non-diverse defendant could be deemed "wholly insubstantial and frivolous". *Id.* at 217-218 *citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-852 (3d Cir. 1992)*.

Further, in relying on three of its own precedents—*Batoff v. State Farm Ins*, 977 F.2d 848, 851-852 (3d Cir. 1992); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 110 (3d. Cir. 1990), and *Abels*, 770 F.2d at 32-33 — *Briscoe* stated that, besides considering the information in plaintiffs' complaint, district courts may engage in limited consideration of reliable evidence proffered by removing defendants to determine the insubstantial and frivolous nature of the claims against non-diverse defendants. *Briscoe*, 448 F.3d at 219-220. Such consideration can include the district court's determination whether plaintiff's claim is barred by relevant state statute of limitations. *Id*.

**Discussion**

Removing defendants assert that plaintiffs' complaint does no more than state that Dr. Kothapalli prescribed defendants' olmesartan-containing drug to plaintiff Allen Williamson.  They argue the mere prescription of a drug to a patient cannot, without more, create a colorable claim under the Texas Medical Liability Act (Tex. Civ. Prac. & Rem. Code Ann. §74.001, *et seq.*)

This court, however, need not engage in a "limited consideration" of what constitutes a colorable claim under the Texas Medical Liability Act because removing defendants have provided in their opposition brief two other pieces of information that individually suffice to demonstrate a complete lack of reasonable basis in fact or colorable ground supporting the claim against Dr. Kothapalli.

The first is removing defendants' summary judgment motion in the state action as to the medical liability claim against Dr. Kothapalli.  Defendants state therein that, for medical liability claims, Texas has a rigid statute of limitations at two years.  Inasmuch as Dr. Kothapalli treated plaintiff Allen Williamson on only one occasion, 11 October 2011, the statute of limitations for filing a medical liability claim in Texas against Dr. Kothapalli expired by 12 October 2013.  As noted earlier, plaintiffs' medical liability lawsuit in Texas against Dr. Kothapalli commenced 8 July 2016.  As a result, this medical liability claim must be time-barred and is therefore wholly insubstantial and completely lacking in colorable basis.

The second is a notarized affidavit of Dr. Kothapalli, which had accompanied that summary judgment motion.  There, Dr. Kothapalli avers that, based on his professional records, the only medical services he provided to plaintiff Allen Williamson was to conduct a stress test; Dr. Kothapalli never prescribed to plaintiff Williamson any olmesartan-containing drug at issue in

this MDL, or indeed any other drug.   Consequently, plaintiffs' claim in the state action of medical liability against Dr. Kothapalli for prescribing Benicar® is wholly insubstantial and completely lacking in colorable basis.

As instructed in *Briscoe*, this court has limited its consideration of evidence outside plaintiffs' complaint to only the most reliable proffered by the removing defendants and finds that Dr. Kothapalli was joined to the state action on a wholly insubstantial and frivolous basis. Plaintiffs accordingly engaged in fraudulent joinder of Dr. Kothapalli in the state action, which precludes remand of this matter back to state court.

**Conclusion**

For the foregoing reasons, plaintiff's motion for remand to the state court of Jefferson County, Texas is DENIED.

Dated: 30 January 2017                                      s/ Robert B. Kugler

                                                            ROBERT B. KUGLER

                                                            United State District Judge