DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
*Attorneys for Defendants Daiichi Sankyo Inc., Daiichi Sankyo U.S. Holdings Inc., Daiichi Sankyo Co. Limited, Forest Research Institute, Inc., Forest Pharmaceuticals Inc., and Forest Laboratories, LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: BENICAR (OLMESARTAN) PRODUCT LIABILITY LITIGATION | HON. ROBERT B. KUGLER <br><br> Civil No. 15-2606 (RBK)(JS) <br><br> **NOTICE OF DEPOSITION OF BENJAMIN LEBWOHL, M.D.** |

**NOTICE OF DEPOSITION OF
BENJAMIN LEBWOHL, M.D.**

**TO:**   Tara D. Sutton
            Robins Kaplan LLP
            800 LaSalle Avenue
            Suite 2800
            Minneapolis, MN 55402

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, testimony will be taken by deposition upon oral examination of **Benjamin Lebwohl, M.D.**, before a person authorized to administer oaths on **Friday, February 10, 2017**, at **9:00 a.m.** at **the offices of Robins Kaplan LLP at 601 Lexington Avenue, Suite 3400, New York, NY 10022**, with respect to all matters relevant to this litigation, at which time and place you shall please produce Benjamin Lebwohl, M.D., as well as all documents requested in Schedule A, attached hereto. The deposition will be recorded stenographically and may be videotaped by Golkow Technologies, Inc.

Date: February 3, 2017	Respectfully submitted,

/s/ Susan M. Sharko
Susan M. Sharko, Esq.
DRINKER BIDDLE & REATH, LLP
600 Campus Drive
Florham Park, NJ 07943-1047
Tel:	(973) 549-7000
susan.sharko@dbr.com
*Attorneys for Defendants Daiichi Sankyo Inc., Daiichi Sankyo U.S. Holdings Inc., Daiichi Sankyo Co. Limited, Forest Research Institute, Inc., Forest Pharmaceuticals, Inc., and Forest Laboratories, LLC*

## SCHEDULE A

"Documents" means all types of documents and tangible things that are discoverable under the Federal Rules of Civil Procedure, regardless of their form.  The term "documents" is used in the broadest sense and includes but is not limited to any handwritten, typewritten, printed, recorded, transcribed, punched, taped, photocopied, photostatic, telecopied, filmed, microfilmed, or otherwise prepared matter, including without limitation any letters, memoranda, notes, reports, records, studies, publications, contracts, bills, invoices, spreadsheets, presentations (including PowerPoint), internet or web documents, calendars, photocopies, sketches, diagrams, forms, manuals, lists, minutes, papers, books, accounts, drawings, graphs, charts, photographs, phono-records, plans, blueprints, telexes, telegrams, electronic or videotaped or mechanical or audio recordings, including computerized files, magnetic impulses, emails, CDs, DVDs, floppy disks, jaz disks, x-rays, memory sticks, hard drives, database records, "voice mail" or "phone mail" recordings, and "electronic mail" or "e-mail" messages, however stored, and any other data compilation from which information can be obtained or translated into reasonable usable form.  The term also includes but is not limited to data or information that exists in electronic or magnetic form.  Spreadsheets and any other documents that contain formulas and/or calculations are to be produced in readable electronic format and in such a way that the formulas and/or calculations may be reviewed.

The witness (Benjamin Lebwohl, M.D.) is instructed to bring with him to the deposition the following documents and other items:

1. Your entire file on this case, in connection with your investigation and evaluation of the issues involved in the Benicar litigation, including all medical records, pertaining to this litigation;

2. All documents, materials, medical records, pathology, diagnostic testing including serology, and notes (with HIPPA protected information redacted) relating to all patients to whom you "reached out" and advised to discontinue Olmesartan, referenced on page 6 of your report.

3. All documents, materials, facts, data, or medical, scientific or technical literature or articles, publications, codes, textbooks, standards or other literature reviewed and relied upon in the course of developing your opinions in this matter;

4. All documents, materials, facts, data, or information considered by the witness in forming his opinions in this matter;

5. All notes of any tests, experiments, or evaluations performed by the witness or by others on whom the witness relies for opinions in this case;

6. All photographs, videotapes, audio tapes, or any other graphic reproduction of sound, places, objects, or otherwise that you have been prepared in your investigation or evaluation of the Benicar litigation.

7. All documents constituting, reflecting, or reporting factual observations, tests, supporting data, calculations, photographs, notes, or opinions, including but not limited to any report

   prepared by you or under your direction, including any recording or transcript thereof of any oral reports.

8.  The witness' current and complete resume or curriculum vitae, including a complete list of all publications, articles or papers the witness has written, presented, or has participated in writing or presenting, that relate or concern the subject matter of this testimony in the Benicar litigation for the last ten (10) years;

9.  All communications with any other experts, including but not limited to Dr. David A. Kessler, Dr. Daniel Leffler, Dr. Susan Hufless, and other experts retained in this litigation, relating in any way to your work on this matter. This request is not meant to encompass communications with plaintiffs' counsel;

10.  All communications with any third party (except for counsel for plaintiffs' counsel) relating in any way to your work on this matter;

11.  All time sheets, time records, invoices and documents reflecting the time you spend in connection with your work on this matter, including all documents that the witness used to record the number of hours the witness spent investigation and evaluating the issues involved in the Benicar litigation;

12.  Any and all pictures, photographs, photomicrographs, drawings, or diagrams you have in your possession of or pertaining your work in this matter;

13.  All graphics, demonstratives or exhibits that the witness intends to use at trial in regard to his opinion in this matter;

14.  All notes or other documentation of any correspondence or discussions you have had with any of Plaintiffs' prescribing or treating physicians;

15.  All notes or other documentation of any correspondence or discussions you have had with any of the Mayo Clinic physicians or any author of any publication you rely upon pertaining to your work in this matter;

16.  All notes or other documentation of any correspondence or discussions you have had with Plaintiffs in this litigation (except for communications with Plaintiffs' counsel).

17.  All documents furnished to you for review for the Benicar litigation;

18.  All documents obtained or created by you in reference to the Benicar litigation;

19.  All facts, data, and assumptions plaintiffs' counsel provided you and that you considered in forming opinions regarding the Benicar litigation;

20.  Documents sufficient to identify the name, civil action number, and/or attorney for every case in which you have been retained as a consulting expert and/or witness in the past 4 years, including any disclosure made outside of the Benicar litigation;

21. All reports written by you, in whole or in part, and all transcripts of deposition or trial testimony given by you, in each litigation identified in response to Request No. 19;

22. Documents sufficient to identify all research grants you have received involving the study of hypertension;

23. All documents concerning any research you have undertaken that relates to or concerns the subject matter of your testimony in the Benicar litigation, whether you found the research to be helpful or not;

24. Copies of all affidavits, reports, and sworn testimony you have given, whether at deposition, trial, or otherwise, that relate to or concern the subject matter of your testimony in the Benicar litigation;

25. All documents regarding the protocol for treatment of severe diarrhea, celiac disease and sprue-like enteropathy complaints from you tenure at New York-Presbyterian/Columbia University Medical Center;

26. To the extent you will offer testimony about your patients, please produce all office records, hospital records, emergency room records, radiology records and films, lab and pathology reports, and discharge records for all patients treated by you for severe diarrhea, celiac disease and sprue like enteropathy.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2017, a copy of the foregoing NOTICE OF DEPOSITION was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Michael C. Zogby
Michael C. Zogby, Esq.
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
(973) 549-7209
michael.zogby@dbr.com