UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: BENICAR (OLMESARTAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2606 |
| THIS DOCUMENT RELATES TO ALL CASES | HON. ROBERT B. KUGLER |

### AFFIDAVIT OF BENJAMIN LEBWOHL, M.D.

STATE OF NEW YORK:

COUNTY OF NEW YORK :

BENJAMIN LEBWOHL, M.D., states as follows:

1. I am a physician retained as an expert witness in this litigation. This Affidavit is based upon my personal knowledge.

2. I have been provided the March 13, 2017 Memorandum Opinion and Order of the Court ("Order"). This Affidavit is submitted in response, as directed in the Order.

3. I have reviewed the parts of my report and deposition testimony referenced in the Court's Order. The review of medical records referenced on page 6 of my report took place in 2012, entirely in a clinical context, and solely for the purpose of providing treatment recommendations to patients. The review of the medical records of these patients indicated that they were using Olmesartan. Ultimately, what was significant to me was the improvement of their symptoms when they stopped using Olmesartan. I testified in my deposition: "When I saw, with my own eyes, my patients getting better, it did inform my opinion." (185:22-24). In other words, what informed my opinion was the improvement I observed in these patients, and that is



part of my clinical experience, having occurred about five years ago. I did not review the records of any of my patients in order to form the general causation opinions set forth in my report and deposition regarding general causation.

4. On page 186, lines 5-18 of my deposition, I testified to becoming interested in this condition when I was informed by my colleague Peter Green, M.D. that he had been informed by Joseph Murray, M.D. of a study that was being conducted of Mayo Clinic patients who had been using Olmesartan. As I testified, I referenced this discussion with Dr. Green because, "It spurred me to study this condition and publish on this condition and to keenly follow the literature on it, and that's really what confirmed my opinion." (186:10-18). I was not saying the chart review confirmed my opinion, as that was my first direct experience with the treatment of the condition. As stated, my opinion was confirmed over the ensuing years by my study of this condition, including publishing on the condition and following the literature on the condition.

5. I understand that one issue is whether I have "possession, custody or control" of the medical records of the patients I was discussing in the deposition. I do not own, possess, or have custody or control of the medical records, as they are owned, maintained, and controlled by my employer, Columbia University. I do not have the right to redact or produce the medical records. I have confirmed this with the Columbia legal department.

6. I provided the Memorandum Opinion and Order to the Columbia legal department, and asked for written confirmation as to the ownership of the medical records and whether I have the right or ability to redact and produce the medical records. In response I was provided the letter attached to this Affidavit as Exhibit 1. Columbia has confirmed that I do not own the medical records, I do not have possession, custody, or control, nor do I have the right to produce the medical records, redacted or not.

7. The medical records are maintained in the electronic records system of Columbia University, and are maintained by the medical records department. In order to obtain the medical records, one would need to serve a subpoena on Columbia University, and request: "The medical records of patients of the Columbia Celiac Center, whose charts were reviewed by Dr. Benjamin Lebwohl, to determine whether they were using Olmesartan, resulting in discontinuation of Olmesartan and improvement in the patient's clinical symptoms." If Columbia permits me to do so, that request will enable me to review medical records of patients I was involved in treating, to attempt to identify the records of patients that I discussed in my report and deposition testimony, for production pursuant to the subpoena.

8. I am concerned about the request to produce the medical records of patients who are not plaintiffs in this litigation. I believe it is an invasion of patients' privacy, and is a distraction and burden for my employer, however I will comply and assist in the production of the medical records if requested to do so by my employer, Columbia, in response to a subpoena. Due to my concerns over patient privacy, and the involvement of and burden this is placing on my employer, if I had known when I was asked to act as an expert witness in this litigation that I would be subjected to an Order to produce the medical records of Columbia patients uninvolved in litigation, I would have declined to act as an expert. If medical records are to be produced, I request that they be redacted to remove all personal identification, including aspects of the records such as dates of procedures, dates of office visits, and social history, from which the patient would easily recognize himself or herself, and that an Order be entered limiting access to the heavily redacted medical records, only to those who would have to see the records.

_____
BENJAMIN LEBWOHL, M.D.

Sworn to and Subscribed
Before me this 28 Day
Of March, 2017.

_____
Notary Public of the State of New York

PATRICIA SACHS CATAPANO
NOTARY PUBLIC, State of New York
No. 4691405
Qualified in Westchester County
Commission Expires Dec. 17, 2017

# EXHIBIT 1

# COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK

OFFICE OF THE GENERAL COUNSEL

Direct Line: (212) 342-9009
Facsimile: (212) 854-7292

March 23, 2017

**By E-mail**

**To:**     Stephen M. Lagana, M.D.
Benjamin Lebwohl, M.D.

**Subject:**     In Re: Benica (Olmesartan) Products Liability Litigation

Thank you for bringing the Court Order in this matter to my attention. As I told you, Columbia University owns the patient medical records which you create and review in your role as a clinical faculty member. You do not have custody, possession or control of these records, and Columbia does not agree that you may produce these records to the Court.

Patricia Sachs Catapano
Associate General Counsel

00211545.1

Mail Code 75   630 West 168th Street   New York, NY  10032