THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| Allen WILLIAMSON, D.O. and | : | Civil Action No: 1:16-CV-05371 |
| WIFE, Kathryn WILLIAMSON, D.O., | : | Master Docket No. 15-2606 (RBK/JS) |
| | : | |
| *Plaintiffs*, | : | |
| v. | : | SUMMARY JUDGMENT OPINION |
| | : | |
| DAIICHI SANKYO, Inc., *et al.*, | : | |
| | : | |
| *Defendants*. | : | |

**KUGLER**, United States District Judge:

In response to defendants Kothapalli's joint motion to dismiss for failure to state a claim and for statute of limitations, this court notified the parties of its consolidation and conversion of these motions into a summary judgment motion and invited submission of any other evidence in opposition or support. Neither party has submitted subsequent evidence. For the reasons set forth below, the motion of summary judgment will be **GRANTED** in favor of defendants Kothapalli.

1.0     Facts and Procedural Background

On 14 April 2015, all claims involving olmesartan-containing prescription drugs, which allegedly result in certain gastro-intestinal injuries, were consolidated as a Multi-District Litigation ("MDL") in the United States District Court for the District of New Jersey. Defendants are the drug manufacturers or distributors: Daiichi Sankyo, Inc., Daiichi Sankyo Co., Ltd., Daiichi Sankyo U.S. Holdings, Inc., Forest Laboratories, LLC, Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., and Forest Research Institute, Inc. [hereinafter "Daiichi defendants"].

On 8 July 2016—more than a year after MDL consolidation of olmesartan product

liability complaints—plaintiffs, residents of Texas, filed a civil action in the District Court of Jefferson County, Texas ["the state action"] against the Daiichi defendants and against Texas resident defendants Srinivasa Rao Kothapalli, M.D. and Srinivasa Rao Kothapalli, P.A. (hereinafter "Dr. Kothapalli" or "defendants Kothapalli").  They asserted two claims: first, product liability claims against the Daiichi defendants arising from plaintiff Dr. Alan Williamson's injuries allegedly due to his ingestion of defendants' olmesartan-containing drug; and second, a medical malpractice claim under the Texas Medical Liability Act ("TMLA"] against Dr. Kothapalli for prescribing Dr. Williamson the drug.

On 11 August 2016, the Daiichi defendants removed the state action to the United States District Court of the Eastern District of Texas ("the federal action"), which was then transferred to this Court ("the MDL matter").

On 19 September 2016, plaintiffs made a motion to this court to remand the MDL matter back to Texas state court, asserting removal to federal court had been improper. Complete federal diversity jurisdiction was lacking because Dr. Kothapalli, a Texas resident, had been named defendant in the state action.  In opposition, defendants argued plaintiffs' medical malpractice claim against Dr. Kothapalli was insufficiently pleaded under the TMLA; consequently, Dr. Kothapalli had been included in the state action solely to defeat diversity jurisdiction.

On 27 October 2017, before this court had ruled on the remand motion, defendants Kothapalli filed in Texas state court a motion for summary judgment, which included a notarized affidavit by Dr. Kothapalli that averred his one-time treatment of the plaintiff had occurred almost five years before the medical liability claim had been filed.

On 31 January 2017, this court concluded plaintiffs had fraudulently joined defendants Kothapalli and denied remand of the MDL matter back to state court.  The decision relied on Dr. Kothapalli's affidavit that established his treatment of Dr. Williamson had occurred more than the two-year, strict statute of limitations allowed by the TMLA for pursuing a medical liability action.  This decision also found defendants Kothapalli ineligible to be named defendants in a complaint pleading medical liability claims under the TMLA.
Following on the fraudulent joinder decision, on 16 February 2017, defendants Kothapalli filed

a motion to dismiss plaintiffs' complaint for failure to state a claim under Fed. R. Civ. Proc. 12(b) (6) and a motion to dismiss for statute of limitations ("the joint dismissal motions"), arguing that a claim under the TMLA (the only available action under Texas law for physician malpractice) was unsupported in law and therefore not actionable.

On 01 March 2017, in their response, plaintiffs again took up the argument that this court lacked jurisdiction over the state medical liability claim and should remand the motions back to state court. As this court had already denied plaintiffs' motion to remand the state action because of fraudulent joinder—therefore retaining jurisdiction over the MDL matter— plaintiffs' arguments appeared a veiled request for remand reconsideration and were largely unresponsive to the joint dismissal motions for failure to address the statute of limitation implications of Dr. Kothapalli's affidavit.

On 09 March 2007, in response to the joint dismissal motions and plaintiffs' response, this court notified the parties of its conversion the joint dismissal motions into a summary judgment motion under Fed. R. Civ. Proc. 56 and invited their response by 07 April 2017. Since the conversion into a summary judgment motion, neither party has submitted further evidence relating to Dr. Kothapalli's affidavit.

On 29 March 2017, plaintiffs filed a motion for voluntary dismissal under Fed. R. Civ. Proc. 41 (a) (2) because defendants Kothapalli had refused to stipulate to a voluntary dismissal under Fed. R. Civ. Proc. 41 (a) (1) (A) (ii). Plaintiffs are therefore seeking dismissal by court order of the action against defendants Kothapalli without prejudice.

## 2.0    Issue

In responding to this court's *sua sponte* summary judgment motion, plaintiffs requested a Rule 41 (a) (2) dismissal of the complaint against defendants Kothapalli and cited Eleventh Circuit case law in support, arguing the parties' minor effort and expense and the defendants' minimal loss of substantial rights motivated for the dismissal.

The issue here is whether to grant either the summary judgment in favor of defendants Kothapalli or plaintiffs' motion for voluntary dismissal without prejudice.

### 3.0 Legal Standards

### 3.1 Voluntary Dismissal under Fed. R. Civ. Proc. 41 (a) (2)

The Third Circuit has established that the grant or denial of a motion for voluntary dismissal pursuant under Fed. R. Civ. Proc. 41(a) (2) lies firmly within the discretion of the district court.  (In re Paoli R.R. Yard PCB Litig. 916 F.2d 829, 863 (3d Cir.1990); Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir.1974); Baldinger v. Cronin, No. 13-CV-01381, 435 Fed.Appx. 78 (NP) at * 80, 2013 WL 4055395 (3d Cir.13 August 2013).  See also Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs., Inc., No. 3:10–CV–02513, 2012 WL 727943, at *2 (M.D. Pa.  6 Mar. 2012); Dodge–Regupol, Inc. v. RB Rubber Prods., Inc., 585 F.Supp.2d 645, 652 (M.D. Pa 2008)) and "is primarily to prevent voluntary dismissals which unfairly affect the other side. . ." (Elsevier at *2 (citing Dodge–Regupol, 585 F.Supp.2d at 52 (citing Charles A. Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ.2d § 2364 n. 19)).  Such a motion should be granted liberally (Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir.1984)) "unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit."  In re Paoli, 916 F.2d at 863, citing 5 J. Moore, Moore's Federal Practice ¶ 41.05[1], at 41–62 (1988).

Specifically, in deciding a Rule 41(a) (2) motion, "a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense" (Dodge–Regupol, 585 F.Supp.2d at 652 (citing Schandelmeier v. Otis Div. of Baker–Material Handling Corp., 143 F.R.D. 102, 102–03 (W.D. Pa. 1992)) and consider:  (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by defendants in preparing for trial; (3) the extent to which the current suit has progressed; (4) plaintiffs' diligence in bringing the motion to dismiss and the rationale for it; and (5) the pendency of a dispositive motion by the non-moving party." Elsevier, Inc. *at* *2 (quoting Dodge–Regupol, 585 F.Supp.2d at 652).

In a nod to plaintiffs' repeated argument in their response brief to the summary judgment motion that this court lacks jurisdiction over the medical liability claim, this court notes that the jurisprudence of the Fifth Circuit is aligned with that of the Third Circuit, especially as to the singular importance of the factor whether the non-moving party would be prejudiced by the

granting of the Rule 41 (a) (2) motion.[1]  Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir.2000); Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir.1990).

3.2     **Summary Judgment**

The Supreme Court has acknowledged the propriety of a district court's *sua sponte* conversion of a motion to dismiss under Fed. R. Civ. Proc. 12(b) (6) to a summary judgment motion under Fed. R. Civ. Proc. 56 when the court has given prior notice and an opportunity to oppose summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) [stating ("d]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence."]  Further, the 1946 amendment to Fed. R. Civ. Proc. 56 (c) ensures that both parties are to be given a reasonable opportunity to submit affidavits and extraneous proofs in order to avoid prejudice to a party because of surprise.  Federal Rules of Civil Procedure, Rule 56 Summary Judgment, Notes of Advisory Committee on Rules – 1946 Amendment, Subdivision (c).  See also DL Resources, Inc. v. Firstenergy Solutions Corp., 506 F.3d 209, 223 (3d Cir.2007) (outlining Third Circuit guidance and citing Prusky v. Reliastar Life Ins. Co., 445 F.3d 695, 699 n. 6 (3d Cir.2006) and Chambers Dev. Co. v. Passaic County Util. Auth., 62 F.3d 582, 584 n. 5 (3d Cir.1995) ).

A motion for summary judgment imposes specific burdens on the moving party and on the non-moving party.  The moving party bears the burden of showing that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.   An issue is material when it can alter the judgment outcome; a dispute of a material fact is genuine if "a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).   In deciding whether a genuine dispute of a material fact exists, a court shall not weigh evidence or resolve facts, (Id. at 248)— tasks for the jury—but must accept as true the evidence of the non-moving party and construe ambiguities in their favor.  Id. at 255.

As to its burden in opposing summary judgment, the non-moving party must present

---

[1] It is unclear why plaintiffs cited Eleventh Circuit case law to support the Rule 41(a) (2) motion as their arguments relating to this court's lack of jurisdiction over the medical liability claim would command the application of Fifth Circuit jurisprudence.

more than mere allegations or denials, i.e., at least a minimum extent of probative evidence from which a jury could find in their favor. *Id.* at 256- 257.  Specifically, the non-moving party must "identify those facts of record which would contradict the facts identified by the movant." Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002). It is the offering of contradictory, material facts that raises the question whether a genuine dispute of material facts may exist and undercuts a decision for summary judgment.  When a party fails to meet its burden of proof—either to establish a genuine issue of material fact or show the contrary—the other party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. at 322.

### 3.3     Intersection of Summary Judgment and Rule 41 (a) (2) Voluntary Dismissal

The Third Circuit in the Fen-Fen diet pill litigation weighed whether to grant plaintiffs' Rule 41 (a) (2) voluntary dismissal motion or defendants' summary judgment motion.  The court found that, although granting a voluntary dismissal motion is within the district court's discretion, "a district court considering a plaintiff's motion for voluntarily dismissal must decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint." In Re: Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Products Liability Litigation, No. 03–CV-1601, 85 Fed.Appx. 845 (NP), (3d Cir. 14 January 2004) (quoting Ferguson, 491 F.2d at 29.)  Thus, the decision to grant summary judgment versus a Rule 41 (a) (2) dismissal depends on balancing the specific prejudice to each party resulting from dismissal of the complaint.

### 4.0    Discussion

As a preliminary matter, the summary judgment motion is procedurally well-grounded as the conversion tracked the criteria set forth in In re Rockefeller Center Properties Securities Litigation, 184 F.3d 280, 287-288 (3d Cir.1990).  The court gave the parties clear notice of its conversion of the joint dismissal motions, of its reliance on Dr. Kothapalli's affidavit in view of the Texas statute of limitations, and of a month response period in which to demonstrate a genuine issue of material fact.

Whether to grant summary judgment or the Rule 41(a) (2) dismissal turns on the sole consideration of the prejudice to plaintiffs and to defendants Kothapalli resulting from the dismissal. Other considerations, such as reducing duplicative expense or preserving trial preparation effort, have little currency in resolving this matter because litigation of the medical liability claim has not advanced. See e.g., Ockert v. Union Barge Line Corp., 190 F.2d 303 (3d Cir.1951) and In Re Paoli, 916 F.2d at 863 (exemplifying decisions based on non-prejudice factors).

Since Dr. Kothapalli's affidavit is extrinsic to the complaint, conversion of the joint dismissal motions to a summary judgment motion arose from the consideration of according proper weight to the implications of Dr. Kothapalli's affidavit. Typically, a court may not consider information outside the four corners of the complaint in deciding a Rule 12(b) (6) motion. Even so, the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment under Rule 56]" (In re Rockefeller Center, 184 F.3d at 287). Additionally, "a district court may examine an 'undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.' " Id. (quoting PBGC v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993)). In their joint dismissal motions, defendants Kothapalli assert the specifics why the medical liability claim was barred by Texas statute of limitations and attached again Dr. Kothapalli's original affidavit.

Moreover, in Overton v. Sanofi–Aventis U.S., LLC d/b/a Sanofi US, No. No. 13–CV-05535, 2014 WL 5410653 at *5 (D.N.J. 23 October 2014) (citing In re Rockefeller Center, 184 F.3d at 287), this court exemplified why the Third Circuit supports such exceptions. It is because when the plaintiff has actual notice of the extrinsic evidence and defendant's use of it to support an opposing argument, then the procedural problem of plaintiff's lack of notice of extrinsic material disappears.

Combining In re Rockefeller Center with Overton, this court can have resolved defendants' joint dismissal motions. However, the more evenhanded course here was to convert into a summary judgment motion because both parties have known of and have had access to Dr. Kothapalli's affidavit since at least November 2016 and would have appreciated for months its implications, i.e., that the medical liability claim is barred by Texas law.

Inasmuch as Third Circuit case law would have even supported using Dr. Kothapalli's affidavit in deciding the defendants' joint motion for dismissal, it bears much weight that, when faced with notice of summary judgment and this court's consideration of the Kothapalli affidavit, plaintiffs filed a Rule 41(a)(2) motion, asserting only that defendants Kothapalli would experience no prejudice by the voluntary dismissal, and not addressing the implications of the affidavit. To the point, no evidence has been offered to demonstrate the assertions in Dr. Kothapalli's affidavit may be disputed. Because of that, the plaintiffs cannot be prejudiced by this court's reliance on the affidavit.

Summary judgment is warranted here not only because Dr. Kothapalli's assertions in his affidavit have been unchallenged but also because, taken as true (as this court now must), these assertions necessarily demonstrate there can be no actionable medical liability claim against defendants Kothapalli. To grant a voluntary dismissal without prejudice in these circumstances would subject defendants Kothapalli to the continued threat of litigation without legal actionable basis.

A voluntary dismissal would inequitably re-balance the parties' opportunity to be heard. On one hand, defendants Kothapalli, in filing a dispositive motion with extrinsic evidence known and available to the plaintiffs, intended to demonstrate the absence of a legal claim. On the other hand, plaintiffs sought, via a liberally-granted procedure, the opportunity to take up a likely indefensible claim in the future. A voluntary dismissal would leave defendants Kothapalli essentially unheard on their motion to dismiss and eligible to re-experience a highly likely, meritless legal process without recourse to the considerations of judicial economy and fairness.

## 5.0   Conclusion

On balance, the absence of evidence raising a genuine issue of material fact regarding the statute of limitations implications in Dr. Kothapalli's affidavit moves this court to grant summary judgment in favor of defendants Kothapalli.

Dated:  22 May 2017                                        s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United State District Judge