```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


IN RE:                              )   15-MD-2606
                                    )
                                    )
                                    )
BENICAR (OLMESARTAN)                )   Camden, NJ
PRODUCTS LIABILITY LITIGATION       )   July 31, 2019
                                    )   11:37 a.m.


                       TRANSCRIPT OF HEARING
                 BEFORE THE HONORABLE JOEL SCHNEIDER
                   UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For the Plaintiff,          ADAM M. SLATER, ESQUIRE
Common Benefit              MAZIE SLATER KATZ & FREEMAN
Committee:                  103 Eisenhower Parkway
                            Roseland, NJ   07068

                            CHRISTOPHER LUKE COFFIN, ESQUIRE
                            PENDLEY BAUDIN & COFFIN, LLP
                            1515 Poydras Street
                            Suite 1400
                            New Orleans, LA   70112


For the Plaintiff,          MARK R. CUKER, ESQUIRE
Dolores Meyer:              CUKER LAW FIRM, LLC
                            One Logan Square
                            Philadelphia, PA   19103

                            ESTHER E. BEREZOFSKY, ESQUIRE
                            MOTLEY RICE
                            210 Lake Drive East
                            Suite 101
                            Cherry Hill, NJ   08002


For the Plaintiff,          GERALD WILLIAMS, ESQUIRE
Cynthia Myers:              WILLIAMS CEDAR, LLC
                            1515 Market Street
                            Suite 1300
                            Philadelphia, PA   19102
```

```
APPEARANCES: (Continued)

For the Defendants:      MICHAEL C. ZOGBY, ESQUIRE
                         DRINKER, BIDDLE & REATH, LLP
                         600 Campus Drive
                         Florham Park, NJ    07932-1047


Audio Operator:          TARYN FRANCHETTI


Transcribed by:          DIANA DOMAN TRANSCRIBING, LLC
                         P.O. Box 129
                         Gibbsboro, New Jersey   08026-0129
                         Office:  (856) 435-7172
                         Fax:     (856) 435-7124
                         Email:   dianadoman@comcast.net


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

I N D E X

| DECISION OF THE COURT: | PAGE |
|---|---|
| By Judge Schneider | 5 |

1  (The following is the requested portion of the
2  transcript beginning at 11:37 a.m.)
3  UNIDENTIFIED SPEAKER:  Okay.  So let me just add a
4  couple of things.
5  WCB does not exist anymore.
6  WCB is not represented here.
7  Esther does not -- did not enter an appearance on
8  behalf of WCB.
9  We have three partners, each with an equal interest
10 in WCB share.  Two of them have not -- have not had an
11 opportunity to be heard about what the amount of that share is
12 going to be.
13 When Esther got the fee committee's allocation the
14 one fact we weren't told is that she did submit an objection
15 on behalf of the Berezofsky Law Group while, (a), not
16 submitting an objection to WCB, and, (b), not providing the
17 report to either Jerry or myself.
18 Now, I think -- you know, I cited cases in our
19 brief.  It couldn't be clearer that under Rule 19 of the basic
20 rules of due process our rights are being affected as we are
21 entitled to notice and opportunity to be heard.
22 The Court order required a fair, equitable and
23 transparent process in fee allocation.  Shutting us out of the
24 information flow, not telling us what our allocation was, not
25 providing us with backup information until the time to object

1  ran, is not fair or equitable or transparent.

2          And it had a real impact here because on the record
3  about ninety-five percent of the partner time that was put in
4  that case was put in by myself, Sam Abloeser and Alan
5  Sklarsky, none of whom were affiliated with the Berezofsky Law
6  Group post dissolution.

7          All of them worked with either Jerry's firm or
8  myself, so we were (a) very -- not only were we very
9  interested in the outcome, but, (b), we actually had access to
10 information that would have been useful.

11         So the dissolution agreement is not of record.

12         There's nothing of record to support Ms.
13 Berezofsky's claim to have exclusive right.  If she does
14 choose to submit the dissolution agreement I'm sure you'll see
15 that the language in there that says she is to consult with
16 all three partners on fee petitions and fee disputes, which
17 she didn't do.  But I don't think you need to go there because
18 it's not of the record and this is ripe for a decision right
19 now.

20         THE COURT:  Okay.  Does anybody want a last word
21 before I rule?

22     (Pause)

23         THE COURT:  Okay.  The record is closed on this
24 motion.

25         To avoid any suspense I'll read my opinion into the

1   record.

2           And to avoid any suspense I'm going to grant,
3   because they have shown good cause, Messrs. Cuker and
4   Williams, an opportunity to object to the preliminary
5   allocation.

6           Mr. Cuker represented he could get the objection in
7   by Friday.  I'll give him until Monday -- I'll give them until
8   Monday.

9           And I'll extend until September 10th the deadline
10  for the CBC Committee to submit its final recommended
11  allocation.

12          I'll also indicate in my order, although there
13  shouldn't be any dispute, that in the event Messrs. Cuker and
14  Williams want to meet with the Committee it shall only be done
15  by phone and not in person.

16          By way of brief background, on April 4th, 2019 the
17  Court entered order CMO 41B.  The order established a Common
18  Benefit Committee which was passed with establishing a fair,
19  equitable and transparent common benefit allocation.

20          The CBC recently committed -- completed its
21  preliminary recommendation and pursuant to paragraph 10 of CMO
22  41B each CB firm had 14 days to accept or reject the
23  recommendation.

24          During the time the case was litigated the law firm
25  of Williams, Cuker and Berezofsky was in existence.  The law

1  firm dissolved before the CBC's preliminary allocation was
2  prepared and served.
3          Ms. Berezofsky timely received the preliminary
4  allocation and did not forward a complete copy of what she
5  received to Messrs. Cuker and Williams.
6          On March 20th, 2019 Cuker emailed the CB Committee
7  and asked it to send all inquires to all three members of the
8  WCB law firm.  The CBC complied with this request on April
9  8th, 2019 when it sent an email to all three attorneys.
10         However, even though the preliminary allocation was
11 sent to Ms. Berezofsky on June 13th, 2019 it was not also sent
12 to Cuker and Williams.  This was due to the Committee's
13 understanding that Ms. Berezofsky was going to send the email
14 to Cuker and Williams.
15         The Court makes it clear in this opinion that it in
16 no way faults the CBC for anything that was done in this case.
17 They were under the understandable understanding that Ms.
18 Berezofsky was going to forward the information to Messrs.
19 Cuker and Williams and there was no nefarious intent by not
20 sending it to the two attorneys.
21         Messrs. Cuker and Williams only found -- only
22 received the final allocation papers after the June 27th, 2019
23 deadline to submit objections.
24         Promptly after they found out about the complete
25 report and received a copy they filed the present motion.

1            The Common Benefit Committee takes no position with
2    regard to the present motion.  The Committee rightly took the
3    position, because it's set forth in the Court's order, that
4    without the Court's permission they're barred from considering
5    a late objection.
6            Berezofsky argues Cuker and Williams have no
7    standing or legal interest to object.
8            The Court finds good cause to grant the present
9    motion.  At all relevant times Cuker and Williams have acted
10   with appropriate due diligence and there is no factual
11   question in the case that they did not have a complete copy of
12   all relevant papers before the June 27th, 2019 deadline
13   expired.
14           As to the standing issue, the Court agrees with the
15   comment recently made by Mr. Cuker on the phone that there's
16   nothing in the record to indicate that Messrs. Cuker and
17   Williams don't have standing to object on behalf of their
18   former law firm.
19           They are not objecting to how the case was handled
20   by Ms. Berezofsky.  They are objecting merely to the
21   allocation of fees to their former law firm.
22           And it's undisputed and established during oral
23   argument that they have a personal interest in those fees
24   because the Committee has to consider time spent before July,
25   2017 when the law firm dissolved.

1  So for the foregoing reasons the Court finds that
2  there's good cause to grant the motion. There's a good reason
3  why Messrs. Cuker and Williams did not timely submit their
4  objections. They didn't have notice of all relevant papers
5  through no fault of themselves or the Committee.
6  In order not to unduly delay this matter the Court
7  is going to order that the objections be filed by Monday.
8  The Committee is given until -- an extension until
9  September 10th to submit its final recommendation allocation.
10 These short extensions in the Court's view will not
11 materially delay the proceedings in this case.
12 And the Court expects that either myself or Judge
13 Kugler will promptly rule on the motion to approve the final
14 allocation promptly after the motion is decided.
15 That's the Court's ruling to be confirmed in a Court
16 order.
17 Does anybody have any other issues to address before
18 we adjourn this phone call?
19 UNIDENTIFIED SPEAKER: Your Honor, just one quick
20 question. I'm not filing the objection on the ECF. I'm
21 serving it on the members of the Committee at this stage?
22 THE COURT: Correct.
23 UNIDENTIFIED SPEAKER: Okay.
24 THE COURT: Correct.
25 UNIDENTIFIED SPEAKER: Okay.

1      THE COURT: All right. Thank you, counsel. Have a
2 good day and enjoy the rest of the summer. We're adjourned.
3      (Proceedings concluded, 11:47 a.m.)
4                         * * *
5
6                    C E R T I F I C A T I O N
7
8
9      I, Joan Pace, court approved transcriber, certify
10 that the foregoing is a correct transcript from the official
11 digital audio recording of the proceedings in the above-
12 entitled matter.
13
14
15  _____          09/06/2019
16  JOAN PACE                                 DATE
17  DIANA DOMAN TRANSCRIBING, LLC