**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

|                                      |   |                                          |
|--------------------------------------|---|------------------------------------------|
|                                      | ) |                                          |
| **IN RE: BENICAR® (OLMESARTAN)**     | ) |                                          |
| **PRODUCTS LIABILITY LITIGATION**    | ) |                                          |
|                                      | ) | **Master Docket: 15-MDL-2606 (RBK)(JS)** |
|                                      | ) |                                          |
|                                      | ) | **District Judge Robert Kugler**         |
|                                      | ) | **Magistrate Judge Joel Schneider**      |
| _This Document Applies to All Cases_ | ) |                                          |
|                                      | ) | **Memorandum Opinion and Order**         |
|                                      | ) |                                          |
| _____| ) |                                          |

Robert B. Kugler, U.S. District Judge

On 10 September 2019, the Common Benefit Committee ["CBC" or "Committee"] of the _In re Benicar®_ multi-district litigation ["MDL"] submitted its Final Recommendation ["Final"] of the awards of attorneys' fees and costs for work and expenses done for the common benefit of all MDL plaintiffs. This submission was made only after the Committee's unanimous vote in favor of the awards listed in the Final.

I have carefully reviewed the Final and find its proposed distribution of attorneys' fees and costs to be transparent, fair, reasonable, and consistent both across plaintiffs' law firms and across the categories of common work performed. Below is my reasoning.

The Recommendation has been made in response to this Court's Case Management Orders ["CMO"] discussed below. The efforts relating to the common benefit process and procedure in this MDL began with CMO 3 (ECF Doc. 21), which outlined to plaintiffs' attorneys the standards for defining, reporting, verifying, and recording various legal fees and expenses incurred for the common benefit of all plaintiffs in this MDL. CMO 3 specifically tasked the Plaintiffs' Executive Committee to appoint a Time and Expense Committee who were tasked with ensuring plaintiffs' attorneys properly complied with general process and procedure outlined in CMO3 and with working with Co-Lead Counsel to manage the litigation fund and administer the payment of the expenses (not attorneys' fees) from that fund. In addition, CMO 3 specifically tasked all plaintiffs' counsel working on common benefit activities to timely submit a report of their time and expense records on a monthly basis.

CMO 35 (ECF Doc. No. 1145) originally assessed 8 percent from the Gross Monetary Recovery ["GMR"] as that amount reserved for the Common Benefit Fund and apportioned 2% of the GMR to costs and expenses and 6% of the GMR as attorneys' fees. To be clear, the GMR is the

total amount paid by defendant in settlement or through litigation to any client or plaintiff in the MDL.

CMO 40 changed the assessment percent to 9% of the GMR and apportioned 3% of the GMR to costs and expenses and 6.5% of the GMR as attorneys' fees.

CMO 41 and 41A (ECF Docs. 1220 and 1222) appointed the Common Benefit Committee[1] and requested it to devise a plan for the administration of requested and verified common benefit fees and costs.

CMO41B (ECF Doc. 1223) adopted the plan of execution for the CBC's evaluation and recommendations of the verified common benefit fees and expenses. In this CMO, the Court expressly retained jurisdiction and final approval over the CBC's proposed awards. Also, CMO41B expressed an important protection requiring the supplementation of requested common benefit fees and costs. That is, if a plaintiff's attorney had previously underreported its common benefit fees and expenses, the attorney could, as a kind of objection of its award, request to the CBC a supplemental award, but only the Court could approve such supplementation.

These CMOs, in setting forth transparent and practicable guidance to plaintiffs' attorneys, put into play a workably fair process for requesting, verifying, and validating fees and costs awards. Very important here has been the opportunity for each plaintiff's attorney to object to the award and gain Court review of the attorney's objections and basis. Also important has been the Court's required approval of any proposed supplementation of an award, which has worked to curtail cronyism and preferential treatment. Thus, the Recommendation process brought transparency, oversight, and attention to not only the appearance but also the actual execution of fair practices.

On 13 June 2019, the CBC had submitted to the Court its Preliminary Recommendation ["Preliminary"] for Common Benefit Awards and Allocation. A comparison of the Preliminary with the Final shows the awards have stayed substantially the same for each requesting plaintiff's attorney with two differences. One difference between the two recommendations is a *pro tanto* additional award in the Final of about $1300 given to each attorney. The *pro tanto* award represents the CBC's "topping off" of the 9% Recovery amount to each requesting attorney. The second difference is the increase in hourly rate for the single law firm that objected to its award. The firm's hourly rate increased from about $89 in the Preliminary to $103 in the Final.

The increase in hourly rate relates to the protest of the single law firm objecting to the Preliminary. Specifically, two partners from a dissolved law firm objected to the Preliminary while the third partner had confirmed her acceptance of it. Because of the disagreement among the

---

[1] The members of the CBC were appointed in Case Management Order 41A and are: Adam Slater, Esq. of Mazie Slater, Katz & Freeman, LLC; Christopher Coffin, Esq. of Pendley, Baudin & Coffin, LLP; Troy Rafferty, Esq. of Levin Papantonio; Tara Sutton, Esq. of Robins Kaplan, LLP; Richard Golomb, Esq. of Golomb & Honik, PC; Peter Weinberger, Esq. of Spangenberg Shibley & Liber, LLP; Vicki Maniatis, Esq. of The Sanders Law Firm; Lexi Hazam, Esq. of Lieff Cabraser Hermann & Bernstein, LLP; and Michael Goetz, Esq. of Morgan and Morgan.

former partners, the objection to the Preliminary was not timely received by the Court. To extend as evenhanded an approach to objection as possible, the Court recognized the existence of the disagreement among the former partners likely contributed to the objection delay and granted the objecting attorneys an extension of time in which to submit their arguments. ECF Doc. 1249.  The attorneys then timely filed their objection.

I asked Magistrate Judge Schneider to review and opine on the objection to the CBC Final because he has been the MDL magistrate since consolidation and has first-hand knowledge and experience with the issues arising here, including and in particular those concerning the common benefit fund, discovery and settlement negotiations as well as all CMOs.  He is the most qualified decision-maker to resolve the objection.

On 5 November 2019, Magistrate Judge Schneider issued his opinion regarding the objection to the Final (ECF Doc. 1261), which he denied based on several factors.  First, he reviewed the Final *de novo* as urged by the objecting attorneys (*Id.* at 4) and found that the Final neither penalized the objecting attorneys for not paying the full common assessment amount nor undervalued the complexity of the common benefit work they performed.  *Id.* at 5.  Importantly, Magistrate Judge Schneider compared the objectors' awards with those of two firms that had gotten a similarly-low hourly rate for similar kinds of work. Thus, these two firms were comparator firms to the objecting one.  Magistrate Judge Schneider detailed the reasons why the awards to the comparator firms and that to the objecting attorneys showed a regularity and consistency in the CBC's considerations.  *Id*. at 10.  Based on this comparison[2] and others,[3]  Magistrate Judge Schneider confirmed the Final did indeed consider the totality of the circumstances behind each of its common benefit assessments, which mitigated against unfairness or partiality by the CBC.  *Id*. at 11.

Magistrate Judge Schneider's opinion having resolved the outstanding objection, then pursuant to CMO41B ¶11, the common benefit award payout can now be ordered.  As for timing of the payout, CMO41B ¶11 states no common benefit award shall be distributed before all awards to participants in the Olmesartan settlement shall have been paid or distributed.   Having approved the CBC's Final Recommendation and the timing of its distribution for the reasons stated herein, I order below:

The **Court having reviewed** its own CMOs relating to the reporting, administration, and payout of requested common benefit fees and costs;

---

[2] Which looked at the manner of granting a low hourly rate
[3] Which looked at the manner of granting higher hourly rates among firms performing more complex work

**the Court having reviewed** the CBC's Final Recommendation for the proposed distribution of attorneys' fees and costs for common benefit work and expenses expended in this MDL; and

**the Court having determined** that the Final Recommendation follows the CMOs in this MDL and distributes the common benefit awards in a fair and transparent manner,

the Court **GRANTS** that the CBC's Final Recommendation dated 10 September 2019 constitute this Court's ordered distribution of attorneys' fees and costs for common benefit work and expenses expended in this MDL; and,

the Court **ORDERS** the distribution of attorneys' fees and costs for common benefit work and expenses expended in this MDL shall occur only after the awards to all participants in the Olmesartan settlement have been paid or distributed.

Dated: 14 November 2019

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge